In the Matter of HILBOL REALTY, INC., Petitioner, against SAMUEL M. BARNHART et al., Constituting the Trustees of the Incorporated Village of Massapequa Park, et al., Respondents.

Supreme Court, Special Term, Nassau County, November 10, 1953.

*Henry Albert* for petitioner.

*Robert J. Andrews* for respondents.

PETTE, J. This is a proceeding under article 78 of the Civil Practice Act to review and annul the determination of the respondent trustees of the incorporated village of Massapequa Park which denied approval of a certain plat plan, or, in the alternative, to compel the remaining respondent, clerk of said village, to issue a certificate pursuant to section 179-k of the Village Law.

The salient facts are not in dispute and may be briefly stated. Petitioner owns a tract of land in Nassau County which it proposes to develop by erecting thereon some 500 small homes.

Said tract encompasses approximately 131 acres, of which approximately 19.8 acres are shown on section 4 of the proposed map of Crown Village and lie wholly within the town of Oyster Bay. Of that 19.8 acres 3.5 lie within 300 feet of the boundary of the incorporated village of Massapequa Park. Maps of the first three sections have been duly filed and all approvals obtained; only the approval of the village here remains to be obtained as to the maps of the remaining sections, 4 and 5.

Section 4 of the proposed map was submitted to the respondent trustees on June 25, 1953 (as was the map of section 5 upon which no action has been taken and which is not accordingly involved in this proceeding). On September 28th, the map of section 4 was disapproved by a resolution stating simply: " that the Board of Trustees disapprove the plot plan of Crown Village, Section 4 as submitted with respect to the cut-through of Tyreconnell Avenue in view of the petition received and the majority viewpoint of the Planning Board in their letter dated September 28th, 1953, and  *  *  *  that said plans be returned to the builder for correction." Thereafter, petitioner sought to have the Nassau County Planning Commission, which had approved the maps in their original form, approve the map in question minus the proposed cut through of Tyreconnell Avenue. This the commission refused to do, stating in the minutes of its meeting of September 28th, that: " in the interests of good planning for the future the map should remain as was approved by the Planning Commission."

This court is convinced that the determination of the respondent trustees was without foundation in law. A planning board with advisory authority alone is in the instant situation equivalent to no planning board at all, a proposition with which respondent trustees seem to agree. Such being the case, the board of trustees of the village could act as planning board upon plats submitted; when it so acted, however, a provision applying to such planning board applied to the board of trustees as well. (Village Law, § 89, subd. 19.) One such provision was that contained in section 179-k of the Village Law to the effect that failure to act upon a plat within the prescribed forty-five day period, as was undisputably the case here, resulted in its being deemed approved. Identical provisions are elsewhere to be found. (See Nassau Co. Govt. Law, § 1610, subd. 5, as amd. by L. 1947, ch. 886; Town Law, § 276.) To acknowledge their vitality as to the county, and towns, cities and villages when acting through planning boards with authority to act upon plats, but deny it to villages acting through other than such planning

boards would be to fly in the face of a statutory scheme, clearly and unequivocally expressed.

That the land in question is outside the limits of the village does not render inapplicable the Village Law. This becomes obvious when the law conferring upon a village jurisdiction over all territory outside it and within 300 feet of its boundaries (Nassau Co. Govt. Law, § 1610, subd. 1, as amd. by L. 1947, ch. 886) is read in conjunction with the pertinent provisions of the Village Law (§ 1a, subds. 5, 6). Nor did the appearance by petitioner on September 21st, more than forty days after the expiration of the forty-five day period, operate to divest petitioner of the rights it had already acquired under section 179-k of the Village Law, although petitioner could probably have consented to an extension of such forty-five day period prior to its expiration. (See Nassau Co. Govt. Law, § 1610, subd. 5, as amd. by L. 1947, ch. 886.) It may be noted, in passing, that the resolution of respondent trustees utterly fails to apprise the court of the basis for its decision. (See *Matter of Barry* v. *O'Connell,* 303 N. Y. 46.)

The determination of respondent trustees is accordingly annulled, the plat in question held to have been deemed approved and the respondent clerk directed to issue the certificate provided in section 179-k of the Village Law.

Submit order.