906

■ In the Matter of HENRY FISCHER, Respondent, v. JAMES J. KELLY, as Commissioner of the Nassau County Police Department, et al., Appellants.— In a proceeding under article 78 of the former Civil Practice Act, to annul a determination of the Police Commissioner of Nassau County dismissing the petitioner from his position as a member of the Police Department in said county, the Police Commissioner appeals from an order of the Supreme Court, Nassau County, dated September 27, 1963, which modified his determination (a) by reducing the degree of punishment to be imposed upon the petitioner from a dismissal to a suspension without pay for a period of three months; and (b) by directing his reinstatement at the end of such period. Order reversed on the law and in the exercise of discretion, without costs; petition dismissed, without costs and determination confirmed. The findings of fact are affirmed. Based upon our examination of the record and upon all the circumstances disclosed by the record, we do not view petitioner's dismissal as shocking to our sense of fairness (cf. *Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364). The petitioner pleaded guilty to charges that he had knowingly filed a false summons for a traffic offense, and that he had procured other members of the police force to assist him in the preparation and verification of such false summons. In determining that dismissal was the proper measure of punishment for such misconduct, the Police Commissioner did not exceed the bounds of the discretion vested in him (*People ex rel. Masterson* v. *French,* 110 N. Y. 494, 499; *People ex rel. Brown* v. *Greene,* 106 App. Div. 230, 232, affd. 184 N. Y. 565). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of SCARSDALE MEADOWS, INC., Appellant, v. ELIZABETH C. SMITH, as Clerk of the Town of Greenburgh, Respondent.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to compel the respondent Town Clerk of the Town of Greenburgh to issue a certificate pursuant to statute (Town Law, § 276, subd. 1), stating the date of submission of a subdivision plat and the failure of the Town Planning Board within 30 days thereafter to take action thereon, the petitioner appeals from a final order of the Supreme Court, Westchester County, made October 17, 1963 upon the decision of the court, which dismissed its petition. Order reversed on the law and the facts, with $10 costs and disbursements; petition granted, and the respondent is directed to issue the certificate pursuant to statute (Town Law, § 276, subd. 1). The findings of fact implicit in the Special Term's decision, insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion the facts of this case demonstrate that the Town Planning Board would not allow a public hearing on a proposed subdivision of land unless it had previously determined that it would approve the plan. This it may not do. The proposed plat having been submitted for final approval pursuant to the proper local procedure, the Town Planning Board was required to grant a public hearing pursuant to subdivision 1 of section 276 of the Town Law (*Matter of Levin* v. *Thornbury,* 2 A D 2d 774; *Matter of Thornwood Enterprises* v. *Bloom,* 20 A D 2d 852). We decide this case solely on petitioner's rights under the statute (Town Law, § 276, subd. 1). We do not pass upon the question of the necessity of compliance by petitioner with the local zoning ordinance or with other applicable ordinances and regulations; that question is not before us. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.