In the Matter of TED S. FISHMAN et al., Petitioners, *v.* EDWIN A. ARNZEN, as Town Clerk of the Town of Brookhaven, Respondent.

Supreme Court, Special Term, Suffolk County, December 12, 1966.

*Hickerson, Sanders & Solomon* for petitioners. *Martin B. Ashare* for respondent.

JACK STANISLAW, J. In this article 78 CPLR proceeding petitioners Fishman and Haskell apply for an order directing respondent Arnzen, Town Clerk of the Town of Brookhaven, to issue his certificate pursuant to subdivision 4 of section 276 of the Town Law.

On June 6, 1966 petitioners filed their application for final approval of a subdivision plat with the Planning Board. When the silence became unbearable they insisted, by writing dated September 16, 1966, that a public hearing before the board take place for final approval of the plat. The Planning Board refused to hold the hearing on October 10 as demanded, instead advising petitioners by letter of October 3, 1966 that the plat did not conform with " current zoning ". This proceeding seeks issuance of the Town Clerk's certificate based upon the failure of the Planning Board to hold a public hearing within 30 days after submission of the plat. Petitioners rely on the presumed approval as provided by statute under these circumstances (Town Law, § 276, subd. 4).

The board moves to dismiss the petition based upon its contention that the lot size as shown on the plat did not comply with the zoning ordinance as to minimum area. Since the plat

indicated noncompliance with applicable zoning requirements the board felt no compulsion to take the matter to public hearing. It is noted that section 19 (s) of the ordinance, relating to subdivisions, requires that maps submitted for final approval conform to the zoning ordinance.

It is petitioners' position that even a plat demonstrating zoning irregularities is nevertheless amenable to public hearing for approval and presumptive approval in the absence thereof. They take issue with the board's conclusion that an effective irregularity exists at all, and point to the necessity of a public hearing even if only to definitively establish that difference of opinion as a prelude to other proceedings in review of the board's probably negative action.

Public hearing on a map proposed for final approval may not be withheld by reason of a planning board's predisposition to disapprove. The hearing is mandatory following submission of a properly processed plat (*Matter of Scarsdale Meadows* v. *Smith*, 20 A D 2d 906; Town Law, § 276, subd. 4). More than enough time has passed since the instant plat was submitted to warrant an adjudication that it be deemed approved and petitioners entitled to a certificate to that effect. But the preliminary question is, whether the conflict between the zoning ordinance and the mapped plots relieved the board of the otherwise statutorily mandated responsibility to call a public hearing.

We read the *Scarsdale Meadows* case (*supra*) as not decisive of the question before us. There, the court simply, though importantly, established that a map, properly processed and presented, could not be refused a public hearing because the Planning Board knew it would not be approved. Significantly enough, the court made a point of the fact that it did not pass upon any issue regarding the effect of local zoning ordinances on the proposed map and necessity for the public hearing. That leftover problem is squarely presented in this proceeding. This board did not refuse a hearing because it was not going to approve the map, but because it determined that the map had not been adequately submitted and therefore could not be considered *one way or the other*.

Effective June 28, 1966, section 276 of the Town Law was substantially amended (L. 1966, ch. 695). Within the body of the added verbiage is a phrase introduced into the section for the first time, in qualification of references to " plats ". Now, at subdivision 2 of section 276 of the Town Law, plat is defined to mean " a drawing, *in final form,* showing a proposed subdivision containing all information or detail required by this article or any other applicable state law *or local law, ordinance,*

*rule, regulation or resolution* ". (Italics ours.) Subdivision 3 states that all plats submitted for final approval shall be in final form. Finally, the provision (subd. 4), for public hearings within 30 days or else approval assumed, similarly sets the running of that period " after the time of submission of a plat, in final form, for approval ".

The revision of the section does not explicitly mention anything about steps that might be taken with regard to maps submitted for approval which are *not* in final form. A Planning Board is apparently not required to (officially) reject plats for a lack of finality as to form. Thus, one submitting plats for approval, conditional or final, may be subjected to total inaction, as were petitioners herein. Even so, no later than 30 days after submission without a public hearing, the map is approved on default *if it was actually presented in final form.* The Planning Board, in other words, takes its chances when it determines that the form of a map is not final. If the board is wrong the map is deemed approved and the issue ends right there. (Although the observation is not necessarily pertinent to this proceeding, it does appear that a Planning Board might have some difficulty in effectively disapproving a plat in proper " final form " under the provisions of the amended statute.)

Inasmuch as petitioners' plat showed lots at odds with the applicable zoning requirements it was not, on its face, in final form when submitted. The Planning Board's failure to hold a public hearing within 30 days does not then result in approval. The motion to dismiss the petition is granted.