■ In the Matter of TED FISHMAN et al., Appellants, v EDWIN A. ARNZEN, as Clerk of the Town of Brookhaven, Respondent.— In a proceeding pursuant to article 78 of the CPLR to compel respondent to issue a certificate of approval of petitioners' subdivision plat, petitioners appeal from so much of a judgment of the Supreme Court, Suffolk County, dated April 7, 1967, as upon reargument denied their petition and directed respondent to schedule a hearing upon the plat and to notify petitioners of the hearing date. Judgment reversed insofar as appealed from, on the law and the facts, with costs to appellants; in accordance, the third and fourth decretal paragraphs are struck out; petition granted; and respondent is directed to issue a certificate to petitioners as sought herein, pursuant to the pertinent statute (Town Law, § 276, subd. 4). The findings of fact insofar as they are inconsistent herewith are reversed and new findings are made as indicated herein. Appellants applied to the Planning Board for the Town of Brookhaven for approval of their subdivision plat, known as "Map of Holiday Park at Selden, Section 9". The board refused to hold a public hearing thereon on the ground that the map, as submitted, failing to comply with the Brookhaven Zoning Ordinance, was not a "plat, in final form" within the meaning of subdivision 4 of section 276 of the Town Law. In our opinion, it was error for the Planning Board to refuse to hold a public hearing on appellants' plat as submitted (cf. the definitions of "preliminary plat" and "plat" in subdivision 2 of section 276 of the Town Law). The proposed plat having been properly submitted for final approval (cf. *Matter of Mahopac Isle* v. *Agar*, 39 Misc 2d 1), the Planning Board was required to hold a public hearing thereon within 30 days of its submission; and the failure of the board to hold such a hearing mandated that the Town Clerk issue a certificate of approval of the plat (Town Law, § 276, subd. 4; *Matter of Scarsdale Meadows* v. *Smith*, 20 A D 2d 906; *Matter of Levin* v. *Thornbury*, 2 A D 2d 774; *Matter of Castle Estates* v. *Hubbard*, 52 Misc 2d 774). However, in making this determination, we are not passing on the effect of the nonconformity of the plan to the Zoning Ordinance. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur. [52 Misc 2d 329.]

■ In the Matter of HOLLOWBROOK INN, INC., Respondent, v. STATE LIQUOR AUTHORITY, Appellant. — Appeal by the State Liquor Authority from so much of a judgment of the Supreme Court, made in Westchester County on October 25, 1967 and entered in Putnam County on November 8, 1967, as substituted the penalty of a 14-day suspension of petitioner's hotel liquor license in place of the Authority's cancellation of the license. Judgment modified, on the law, by increasing the period of suspension to 90 days. As so modified, judgment affirmed, without costs. Reduction of the penalty from cancellation to suspension was warranted, but the period of suspension should have been fixed at 90 days. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.