■ In the Matter of MEYER TEMKIN et al., Appellants, v. THEODORE KARAGHEUZOFF et al., Respondents.— Order and judgment (one paper) of Supreme Court, New York County, entered December 28, 1973, dismissing the petition herein for a judgment, *inter alia*, directing respondent Commissioner of Buildings of the City of New York to issue foundation and building permits without regard to a certain resolution adopted by the Board of Estimate on December 6, 1973, unanimously reversed, on the law, without costs and without disbursements, and the petition granted. Taking cognizance of numerous complaints regarding the recent proliferation of nursing homes, health related facilities and domiciliary care facilities for adults in certain communities in the City of New York, and the resulting problems created thereby, the City Planning Commission, on December 3, 1973, adopted a resolution (CP-22490) proposing amendments to the Zoning Resolution of the City of New York to control such construction. This matter was added to the Board of Estimate calendar of December 6, 1973 for appropriate action in accordance with Section 200 of the New York City Charter. The board decided that additional time was required to consider the ramifications of the proposal and laid the matter over to its December 20, 1973 meeting. In order, however, not to seriously impair the desired effect of the pending amendment, if enacted, the board, on the same date (i.e., December 6, 1973), adopted a "stop-gap" interim zoning measure which, insofar as here pertinent, suspended all permits previously issued for construction of such facilities where substantial work had not been completed in accordance with the provisions of section 11–33 of the Zoning Resolution. This added resolution was to remain in effect until January 10, 1974; and its validity is the subject of this appeal. Petitioners, suing in behalf of themselves and others similarly situated, had their foundation permit suspended and building permit refused prior to the acquisition of vested rights. They contend that the Board of Estimate lacked the requisite authority to adopt such interim measure and that, by reason thereof, they were deprived of 35 days of additional construction time. Special Term denied the application on the ground that petitioners failed to show that the interim resolution was a taking of property without due process or an unconstitutional extension of the city's police power to regulate nursing homes. We disagree. Zoning resolutions are in derogation of the common-law rights of property owners and, accordingly, should be strictly construed in favor of such landowner. (Cf. *Matter of Golden* v. *Planning Bd. of Town of Ramapo,* 30 N Y 2d 359; *City of Buffalo* v. *Roadway Tr. Co.,* 303 N. Y. 453; *Village of Williston Park* v.

*Israel,* 191 Misc. 6, affd. 276 App. Div. 968, affd. 301 N. Y. 713.) While it is true that final approval, disapproval or modification of a zoning resolution change rests with the Board of Estimate, any such change must be initiated by the City Planning Commission. (New York City Charter, § 200; *McCabe v. City of New York,* 281 N. Y. 349.) In light of the foregoing, we conclude that the Board of Estimate lacked the requisite authority to adopt, on its own initiative, even a short-term interim zoning resolution. In view of the invalidity of the Board of Estimate's stop-gap measure, petitioners are entitled to additional time to complete their foundation or superstructure and thereby acquire the right to continue to completion regardless of any intervening zoning amendments. The number of days to which petitioners are entitled depends, however, not merely on the stated effective period of the stricken resolution but, also, on the effective date of the adopted amendment. (See Zoning Resolution, § 11-33.) In such connection, we have been advised that the proposed amendment was first adopted on December 28, 1973, declared invalid by Special Term for failure to comply with the notice requirements of section 200 of the New York City Charter (which determination is being appealed) and re-enacted on January 10, 1974 (the moratorium expiration date). The second enactment is similar to the first except for a proviso that: " In the event (the first adopted amendment) is not held invalid by the courts it shall be effective insofar as limiting vested rights is concerned, but shall be superseded in all other respects by this amendment and Amendment CP-22566." The additional time granted petitioners should be similarly limited. Concur — Murphy, Capozzoli and Lane, JJ.; Kupferman, J. P., concurs in the result in the following memorandum: Although not meeting the requirements of the Zoning Resolution, a sufficient amount of work had been done by the plaintiffs to make the application to them of an interim moratorium, the so-called " stop-gap measure" or instant nonlegislation, manifestly unfair and an attempt to deprive them of their opportunity to vest rights. Therefore, the plaintiffs should be entitled to complete their foundation or superstructure in a time frame equal to that in which they were unfairly denied the right to proceed. Settle order on notice.