■ In the Matter of the Estate of EDNA L. DAHLMAN, Deceased. RALPH H. NEUROTH, Appellant-Respondent; LAWRENCE NEUROTH, Respondent-Appellant.— Decree of the Surrogate's Court, Nassau County, dated December 14, 1973, affirmed. No opinion. Appeal by Lawrence Neuroth from an order of the same court, dated February 14, 1974, dismissed, as abandoned. One bill of costs to cover all of the appeals is awarded to both parties, payable out of the estate. Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

■ In the Matter of IVAN NATCHEV, Appellant, v. JOSEPH B. KLEIN et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents. INSTITUTE OF DESIGN AND CONSTRUCTION, INC., Intervenor-Respondent.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Board of Standards and Appeals, dated May 1, 1973, which denied, after a hearing, petitioner's request for a variance, petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated January 7, 1974, as (1) denied the application, (2) dismissed the petition on the merits, (3) sustained the determination and (4) upon reargument adhered to said dispositions of the proceeding. Judgment reversed insofar as appealed from, on the law, without costs, and proceeding remitted to Special Term for a hearing on all issues of fact, including petitioner's claim of discrimination. In our opinion, it was error for Special Term to refuse to conduct a hearing to take evidence intended to show that permits had been granted to construct auto laundries under conditions similar to those present here. Such evidence would have a direct bearing on petitioner's claim he was the victim of discrimination (see *Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164, 177–178). Also, in view of the fact that the Commissioner of Buildings revoked petitioner's permit after it had been issued by the Department of Buildings and after the Borough Superintendent had confirmed compliance with the pertinent zoning resolution in writing and the fact that the Commissioner's interpretation of that zoning resolution is the crux of this controversy, the Commissioner is a proper party to this proceeding. Petitioner, if he be so advised, may make application at Special Term to add him as a party (CPLR 1003). Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.