In the Matter of IVAN NATCHEV, Respondent, v JOSEPH B. KLEIN et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Respondents. INSTITUTE OF DESIGN AND CONSTRUCTION, INC., Intervenor-Respondent-Appellant.—In a proceeding pursuant to CPLR article 78 inter alia to review a determination of the respondent board of standards and appeals, dated May 1, 1973, which, after a hearing, denied petitioner's request for a variance, the intervenor-respondent appeals from a judgment of the Supreme Court, Kings County, dated January 8, 1975, which, after a hearing held pursuant to a prior order of this court (see Matter of Natchev v Klein, 45 AD2d 725), (1) granted the petition, (2) denied its motion to dismiss the petition and (3) directed the respondent commissioner of buildings to issue orders and directives to the respondent Borough Superintendent of the Borough of Brooklyn to restore forthwith Permit No. 3518 to petitioner for the construction of a car laundry. Judgment reversed, on the law and the facts, without costs, determination confirmed and petition dismissed on the merits. Petitioner's permit to construct an automobile laundry was revoked by the respondent buildings commissioner on the ground that the proposed lot did not contain "reservoir space for not less than 10 automobiles per washing lane and is contrary to sec. 32-25 of the Zoning Resolution." The commissioner interpreted the above-mentioned zoning resolution to require space on the subject lot for 10 cars in a line of traffic at the entrance to the car wash equipment, or adjacent to the entrance, in a manner which allows those cars to maneuver and reach the entrance without leaving the lot. Special Term granted the petition on the ground advanced by petitioner, i.e., that the zoning resolution required only that there be sufficient space on the lot for 10 automobiles and that it did not require a specific arrangement for "ten reservoir automobile spaces". Alternatively, Special Term held, even if the zoning resolution required a specific arrangement for the 10 reservoir spaces on the lot, the evidence indicated that "on at least five prior occasions", the City of New York "authorized construction and the continued operation of automatic car washers which did not conform to the respondents' interpretation of the Zoning Resolution"; that petitioner had met his burden of proof establishing discrimination against him; and that he was entitled, on that theory, to operate an automatic car wash on his property. In our view, Special Term erred in granting the relief requested in the petition. The commissioner's interpretation of the zoning resolution in question was neither arbitrary, capricious, unreasonable or illegal and hence should not have been disturbed. Indeed, there was considerable expert testimony adduced at the hearing before Special Term in support of his interpretation and in support of his finding that petitioner's lot did not conform to that interpretation. Moreover, in our view, on this record, petitioner did not meet his heavy burden of proof of demonstrating his alternative theory of conscious, inten-

tional discrimination (see *Matter of Di Maggio v Brown,* 19 NY2d 283). Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.