## (December 15, 1977)

■   In the Matter of PADAR REALTY CO., INC., et al., Respondents, v JOSEPH B. KLEIN et al., Constitutiong the Board of Standards and Appeals of the City of New York, Appellants, and COMMITTEE TO PRESERVE 86TH STREET et al., Intervenors-Respondents.—Judgment, Supreme Court, New York County, entered January 6, 1976, annulling the Board of Standards and Appeals' refusal after a hearing to reinstate a building alteration permit issued for the conversion of the Brewster Hotel to a domiciliary care facility, unanimously reversed, on the law, without costs and without disbursements, and the proceeding remanded to Special Term for a hearing on petitioners' claim of discrimination. The Brewster Hotel on the north side of 86th Street West of Central Park West is classified as a class A hotel under section 67 of the Multiple Dwelling Law—a residential use (Use Group 2) under the 1961 Zoning Resolution of the City of New York. Since the hotel had been built before passage of the 1961 zoning resolution, it did not comply in certain respects with the bulk restrictions then enacted. A domiciliary care facility for adults is in Use Group 3 and is classified as a community facility under the zoning resolution. Petitioners on October 1, 1973 obtained building department approval and issuance of an alteration permit in connection with their proposed conversion of the hotel to a domiciliary care facility. Three weeks later, the building department notified petitioners that the application to convert had been approved in error because the applicant had failed to submit zoning computations to show that the proposed change would not "increase * * * the degree of noncompliance" of the building with the bulk restrictions and the change would, contrary to section 24-11 of the zoning regulation, increase such noncompliance. On December 10, 1973, petitioners were ordered to stop all work forthwith.* On February 1, 1974, petitioners were informed by the building department that the December 10, 1973 revocation was still in effect. On May 20, 1974, petitioners' request to the building commissioner for reinstatement of the permit was denied. Subsequently, on appeal to the Board of Standards and Appeals from the December 10, 1973 stop work order and the February 1, 1974 stop order, petitioners noted that the "moratorium" suspending permits for proprietary homes for the aged had been declared unconstitutional in *Matter of Temkin v Karagheuzoff* (43 AD2d 820, affd 34 NY2d 324) and that they had filed a copy of the certification which the building department had been accepting under a later change in policy. Accordingly, they withdrew their arguments relating to these issues and their objection based on the contention that they had substantially completed the alterations and thereby obtained a vested right to continue the work. The *only* issue submitted to the Board of Standards and Appeals was the propriety of the zoning objection based on percentage of lot coverage. The board denied petitioners' appeal and affirmed the December 10, 1973 stop order, finding that the petitioners' application for conversion failed to comply with section 54-31 of the Zoning

---

* The December 10, 1973 stop order set forth three reasons why work should be stopped: 1. failure to submit proof that the required certification from the New York State Board of Social Welfare, section 22-13 of the zoning resolution, has been obtained; 2. the moratorium suspending permits for proprietary homes for the aged and other health related facilities imposed by the Board of Estimate on December 5, 1973; 3. the zoning objection based on percentage of lot coverage.

Resolution which prohibits creation of "a new non-compliance."* In this proceeding which followed, Special Term concluded that the petitioners acquired a vested right in reliance upon a permit validly issued to complete conversion even though the resulting structure would not be in conformance with the zoning regulations. As noted above, the issue of vested right based on substantial completion of the alterations was *specifically withdrawn* by petitioners from consideration by the board. Having been voluntarily withdrawn by petitioners from administrative review by the board, said issue cannot be used to upset the administrative determination rendered by the board. Special Term's conclusion that even if petitioners could not prevail on the basis of acquiring vested rights, they would be entitled to a hearing as to whether they had been subject to discriminatory enforcement of the zoning law is supported by the record. Petitioners sufficiently particularized the alleged discriminatory action of the building department and the Board of Standards and Appeals. In paragraph 17 of the petition, it is asserted that "The Building Department has not raised this Zoning objection except in rare cases. Several of these rare cases were considered by the Board under Administrative Appeals and were granted on the basis, 'there would not be any increase in the physical bulk of the building.'" Further, in an "Additional Statement" filed by petitioners with the Board of Standards and Appeals on June 7, 1974, they assert in paragraph 13: "The Building Department has not raised this Zoning objection except in rare cases. Several of these rare cases were considered by the Board under Administrative Appeals and were granted on the basis, 'there would not be any increase in the physical bulk of the building.' Later the Court in Pith Equities v. New York Theological Seminary sustained the Board's interpretation. Under Cal. Nos. 807 and 808-72-A reversed the Building Department in a matter involving the same bulk zoning issues. Again, under Cal. Nos. 1042-65-A and in Cal. Nos. 454 and 454-73-A. A favorable reconsideration on a similar zoning objection was granted by the Commissioner of Buildings acting on Alt. Applic. 478-71 whereunder the Sisters of St. John The Baptist were allowed to alter a nursing home, the Providence Rest Home and Convent in the Bronx." Clearly, an administrative agency is entitled to render a reasoned interpretation and construction of relevant statutes and regulations where warranted. Sufficiently particularized circumstances tending to show a departure from prior interpretation and construction wherein it is claimed that a party is being selectively discriminated against in the initiation of the departure, warrants a hearing on the discrimination claim (see *Matter of Natchev v Klein,* 45 AD2d 725). Concur—Murphy, P. J., Lupiano, Silverman and Lynch, JJ.

---

* Section 54-31 states: "A non-complying building or other structure may be enlarged or converted, provided that no enlargement or conversion may be made which would either create a new non-compliance or increase the degree of non-compliance of a building or other structure or any portion thereof."