■ In the Matter of ANTONIO DI STEFANO, Respondent, v WILLIAM C. MILLER, as Clerk of the Village of Plandome Heights, Respondent. THOMAS D. CONWAY et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78 to compel the Clerk of the Village of Plandome Heights to issue a certificate in accordance with Village Law § 7-728 attesting

to the date of submission to the Planning Board of the Village of Plandome Heights of petitioner's plat for approval and the failure to take action thereupon within the statutorily prescribed 60-day period, the intervenors appeal from an order of the Supreme Court, Nassau County (Kelly, J.), entered October 16, 1984, which denied that branch of their motion which sought to vacate a judgment of the same court, dated April 19, 1984, which granted the petition.

Order affirmed, with one bill of costs.

The case law interpreting the statutory provision at issue here, Village Law § 7-728, as well as the similar provision found in Town Law § 276, makes clear that where the only objection to certification is the plat's failure to comply with zoning ordinances, a plat submitted for final approval is nonetheless entitled to a certificate deeming it approved by default, as a matter of law, if it is not acted upon within the statutorily prescribed time limits *(see, Matter of Northern Operating Corp. v Chamberlain,* 34 AD2d 686, *affd* 31 NY2d 704; *Matter of Fishman v Arnzen,* 29 AD2d 954; *Matter of Scarsdale Meadows v Smith,* 20 AD2d 906; *see also, Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 369, *affd* 62 NY2d 965). Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.