■ In the Matter of DUNE ASSOCIATES, INC., Respondent, v ANDY ANDERSON et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to issue a certificate pursuant to Town Law § 276 (3) giving preliminary plat approval to the map of "Benson Point", the appeal is from a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated May 5, 1983, which granted the petition.

Judgment reversed, on the law, with costs, and proceeding dismissed on the merits.

Town Law § 276 (3) states that a preliminary plat is deemed approved if a planning board fails to hold a public hearing within 45 days after the receipt of such preliminary plat by the clerk of the planning board. In this case, the 45-day period began to run on June 9, 1982, the date on which the petitioner's draft environmental impact statement was accepted by the Planning Board of the Town of East Hampton *(see,* Town Law § 276 [3]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, *affd* 62 NY2d 965). Since no hearing was held until October 20, 1982, the petitioner contends that its preliminary plat was entitled to approval, as a matter of law, on default *(see, Matter of Di Stefano v Miller,* 116 AD2d 575; *Matter of Northern Operating Corp. v Chamberlain,* 34 AD2d 686, *affd* 31 NY2d 704). The appellants contend that the statute was complied with because the 45-day period was tolled by a moratorium resolution passed by the Town Board which provided that for 90 days beginning June 13, 1982, the Planning Board of the Town of East Hampton was not to accept, process, or grant approvals for any residential subdivision application which had not previously received preliminary approval. This resolution was declared null and void by the Supreme Court, Suffolk County, by judgment dated July 22, 1982. The appellants appealed to this court but the appeal

was dismissed as academic because the moratorium had previously expired by its own terms *(see, Dune Assoc. v Town Bd., 91 AD2d 968).*

The appellants argue that they should not be collaterally estopped from relitigating the validity of the moratorium resolution in this action because they did not have an opportunity to appeal the prior ruling declaring it null and void. We agree. The appellants did not have a "full and fair opportunity" to contest the prior decision, so the doctrine of collateral estoppel is not applicable *(see, Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71;* Restatement [Second] of Judgments § 28).

The moratorium resolution was a reasonable measure designed to temporarily halt development while the town considered comprehensive zoning charges and was therefore a valid stopgap or interim zoning measure *(see, Matter of Charles v Diamond, 41 NY2d 318).* The 90-day period of the moratorium therefore should not be counted in determining whether the Planning Board complied with the statute; therefore the petitioner's plats are not entitled to approval on default.

We note that the Town of East Hampton enacted a new zoning ordinance subsequent to the judgment at Special Term. This proceeding has not been rendered academic, however, because a petitioner's rights pursuant to Town Law § 276 are not contingent upon compliance with zoning ordinances *(see, Matter of Di Stefano v Miller, supra).* Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.