■ TURNPIKE WOODS, INC., Respondent, v TOWN OF STONY POINT et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to issue a certificate pursuant to Town Law § 276 (4) giving final plat approval to the petitioner's subdivision known as "Hasting Hills", the appeal is from a judgment of the Supreme Court, Rockland County (Nicolai, J.), entered June 17, 1985, which, *inter alia,* granted the petition. (We deem the notice of appeal from an order dated May 21, 1985, to be a premature notice of appeal from the judgment.)

Judgment reversed, on the law, with costs, and proceeding dismissed on the merits.

At the outset, we have, in the interests of justice and of judicial economy, overlooked a technical defect in the instant appeal and deemed the notice of appeal from the order dated May 21, 1985, to be a premature notice of appeal from the subsequent judgment in which the order was subsumed *(see, Frankel v Manufacturers Hanover Trust Co.,* 106 AD2d 542; *Men's World Outlet v Estate of Steinberg,* 101 AD2d 854).

Turning to the substantive issues, we note that this court's decision in *Matter of Dune Assoc. v Anderson* (119 AD2d 574), is dispositive as to the question of whether the petitioner is entitled to "default" approval of its final subdivision plat. Town Law § 276 (4) provides that a final plat is deemed approved, i.e., by default, if a planning board fails to hold a public hearing within 45 days after the receipt of such final plat by the clerk of the planning board. In this case, the petitioner submitted the final plat application on October 29, 1984. However, the Town of Stony Point subsequently enacted Local Law, 1984, No. 7 of the Town of Stony Point. That local law provided that for a period of six months, effective November 19, 1984, the Planning Board of the Town of Stony Point was not to "grant any preliminary or final approval to a residential subdivision".

In *Matter of Dune Assoc. v Anderson (supra),* this court held that moratorium legislation suspending the power of a planning board to grant subdivision plat approval, "was a reasonable measure designed to temporarily halt development while the town considered comprehensive zoning charges" *(Matter of Dune Assoc. v Anderson, supra,* p 575). Therefore, the moratorium resolution was found to be a valid stop-gap or interim zoning measure *(see, Matter of Charles v Diamond,* 41 NY2d 318; *Matter of Dune Assoc. v Anderson, supra).* Moreover, we further held that the statutory period contained in Town Law

§ 276 (3), a corollary to Town Law § 276 (4), was tolled during the moratorium period. Therefore, contrary to Special Term's ruling, the petitioner herein is not entitled to default approval as the 45-day period set forth in Town Law § 276 (4) had not yet expired on the date the moratorium took effect. In determining whether the planning board complied with Town Law § 276 (4), the moratorium period must be excluded. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.