Lillian M. Cronin, Esq. Village Attorney, Lake Grove
I am writing in response to your request for an Attorney General's opinion as to the authority of a village planning board to reopen a public hearing on a matter before it.
In a 1984 opinion, we concluded that a town zoning board of appeals could reopen a public hearing by majority vote of the members of the board and upon proper notice to the public (1984 Op Atty Gen [Inf] 109). For the reasons stated in that opinion, we conclude that a village planning board may also vote to reopen a public hearing for good cause (ibid.).
Your inquiry also raises the question of whether reopening the hearing has any effect on the time limits imposed on the planning board by the Village Law. Section 7-725 requires the planning board to schedule a hearing within sixty days from the day an application for site plan approval is made (Village Law, § 7-725[2]). The section also provides that the planning board must determine the application for site plan approval "within sixty days after such hearing, or after the application is filed if no hearing has been held" (ibid.).* The sixty-day time limit may be extended by mutual consent of the applicant and the planning board (ibid.).
As section 7-725 provides, the sixty-day period within which the decision must be rendered does not commence until after the hearing process is completed. If the board closes a hearing, and then upon further consideration decides to reopen the hearing in order to hear new evidence, or for other good cause, the hearing process is not completed until this second hearing, or a later hearing, if required, is concluded. The board would have sixty days from the close of the final
hearing to render its decision.
Another time limit is imposed by Village Law, § 7-728, which requires the planning board to approve plats for proposed subdivisions within sixty days of their submission (Village Law, § 7-728[1], [4]). Although hearings are also held under section 7-728, the statutory time period is measured from the date of the submission of the plat, and not the completion of the hearings. Reopening of the hearings with regard to an application for plat approval, therefore, would have no effect on the board's obligation to render a decision within sixty days of the submission of the application.
We conclude that a village planning board may reopen public hearings on matters before it and that the board must render a decision as to applications for site approval within sixty days of the close of hearings.
* Section 7-725 does not provide a sanction or remedy in the event the board does not act upon the application within the proscribed time. Under the predecessor to section 7-725 (Village Law, § 179-k [superseded], Village Law, § 7-728 [application for plat approval] and Town Law, § 276[3] [application for plat approval]), applications for various permits are deemed approved if not acted upon within the requisite time period (see, Matter of DiStefano v Miller, 116 A.D.2d 575, [2d Dept, 1986]; Matter of Sun Beach Real Estate Development Corp. v Anderson, 98 A.D.2d 367 [2d Dept, 1983]; Levin v Cocks, 141 N.Y.S.2d 595 [Sup Ct, Nassau Co, 1955]; Matter of Hilbol Realty, Inc. v Barnhart, 205 Misc. 187 [Sup Ct, Nassau Co, 1953]).