OPINION OF THE COURT
Nicholas Colabella, J.
In a CPLR article 78 proceeding, petitioners seek to annul the determination of respondents to postpone consideration of septic and subdivision approval pursuant to a moratorium on development.
background
A local moratorium was enacted September 1, 1986, regulat *808 ing, for an interim period, the issuance of building permits and certificates of occupancy, and the consideration and approval of subdivision plats and site plans in the Village of Irvington. As relevant here, this ordinance prohibited the subdivision of any parcel of property comprising more than five acres subject to certain exceptions.
One exception, section III (B) (4), permitted "[t]he granting by the Planning Board of approval for the subdivision of an existing parcel in an existing residential area into no more than two lots.”
Pursuant to the above exception, petitioners sought to develop their parcel of approximately six acres for two homes: They made one application to the Board of Trustees to install private sewage systems; a second was made to the Planning Board to subdivide the parcel into two lots.
At the meeting before the Trustees on March 16, 1987, however, the Board refused to consider the request for septic approval and instead addressed itself to the propriety of subdividing the property. Despite the facial application of section III (B) (4), the Board expressed concern that the wording of the exception could be interpreted to allow repeated subdivisions. To forestall such a result, the Board sought a commitment that no further requests to subdivide would be made. When petitioners refused to unconditionally commit, the Board held the exception would not apply.
On April 1, 1987, the Planning Board refused consideration of the request for subdivision of the parcel as well after consultation with the Village Mayor and Attorney.
On July 20, 1987, the moratorium ordinance was amended to delete reference to section III (B) (4).
ANALYSIS
Initially, the Board of Trustees and the Planning Board erred in their refusal to consider petitioners’ respective applications. The subdivision request clearly came within the wording of the exception in section III (B) (4) of the moratorium law and it was arbitrary and capricious of respondents to ignore that exception simply on speculation as to future applications that might never be brought (Matter of Cowan v Kern, 41 NY2d 591).
Notwithstanding the above, respondents maintain that the amendment of the ordinance deleting the exception must now be applied. The general rule is that courts "must apply the *809 law as it exists at the time of its decision, unless 'special facts’ are present to show that the municipality, in bad faith, delayed or denied approval of a proper application while it altered the zoning ordinance to bar the prospective development” (Matter of Triangle Inn v Lo Grande, 124 AD2d 737, 739; Matter of Pokoik v Silsdorf, 40 NY2d 769, 772-773).
In this case, while petitioners have established their right to subdivide and it is likely that proper action would have given them time to acquire a vested right, factual issues exist as to whether the village acted in bad faith in adopting the amendment.
The latter would normally require a hearing in order to determine the existence of " 'special facts’ ” (Matter of Triangle Inn v Lo Grande, supra, at 739; Matter of Hatcher v Planning Bd., 111 AD2d 812, 813; Matter of Huntington Ready-Mix Concrete v Town of Southampton, 104 AD2d 499, 501); however, such relief is rendered academic by virtue of petitioners’ entitlement to relief upon the separate ground discussed below.
In particular, petitioners argue they acquired subdivision approval by operation of Village Law § 7-728 (4) which requires action by the Planning Board on a request for plat approval within 60 days of submission of the request. Otherwise, the plat is "deemed * * * approved”. Petitioners contend that this provision was applicable because the Planning Board never rendered a decision during the 60-day period following submission.
Respondents argue that the 60-day limitation period did not apply on two grounds: First, the Board of Trustees had addressed and ostensibly "denied” subdivision approval by finding the moratorium applicable. The Planning Board merely followed the Trustees’ advice in not considering the plat request. Second, that the plat submitted was not in "final” form since septic approval had not been obtained from the Board of Trustees beforehand. Respondents’ contentions are without merit.
At the outset, there is no basis to impute a determination by the Board of Trustees, if any, to the Planning Board. Despite discussion regarding the proposed subdivision before the Board of Trustees, each application sought separate relief: the request before the Trustees was for septic system approval pursuant to Irvington Code § 36-6; the request before the Planning Board was for subdivision approval pursuant to *810 Village Law § 7-728. As a separate body, the Planning Board was required to render its own determination of petitioners’ application (Village Law § 7-728 [4]; cf., Matter of Woodhull Assocs. v Board of Trustees, 63 AD2d 677).
At best, the consultation with the Board of Trustees may explain the Planning Board’s inaction, but it does not alter its nature. The minutes which state "that the matter not be considered” are unequivocal and cannot be interpreted as anything other than a deferral of petitioners’ application.
With respect to respondents’ objection as to form, such objection was not a basis for the Planning Board to withhold its determination (Matter of Di Stefano v Miller, 116 AD2d 575, 576; Matter of Wallkill Manor v Coulter, 40 AD2d 828, 829, affd 33 NY2d 783; Matter of Northern Operating Corp. v Chamberlain, 34 AD2d 686, 687; Matter of Fishman v Arnzen, 29 AD2d 954; Matter of Scarsdale Meadows v Smith, 20 AD2d 906) since the necessity for petitioners to comply with local laws and regulations remained regardless of plat approval (Matter of Northern Operating Co. v. Chamberlain, supra).
Accordingly, since the moratorium did not apply to petitioners’ application during the 60-day period after submission, the limitations period under Village Law § 7-728 was not tolled (cf., Matter of Dune Assocs. v Anderson, 119 AD2d 574, 575) and petitioners’ application was "deemed approved.” The later amendment to the moratorium law had no effect on this since it was adopted after the 60-day period expired and was limited to pending plat applications (see generally, 2 Anderson, New York Zoning Law and Practice § 21.08 [3d ed]). At the point of amendment, however, only the ministerial act of issuing a certificate of approval on petitioners’ application remained.
CONCLUSION
The petition is granted to the extent that the Village Clerk shall issue a certificate as required by Village Law § 7-728 (4) with respect to petitioners’ application for subdivision approval. The application for septic system approval is remanded to the Board of Trustees for their reconsideration.