OPINION OF THE COURT
Loren N. Brown, J.
The plaintiffs-petitioners pray for an order nullifying and vacating the enactment of the Town Board of the Town of Greenfield of Local Laws, 1989, No. 5 entitled "An Interim Land Use Development Local Law”. The petition is opposed.
The plaintiffs-petitioners, corporations doing business in the Town of Greenfield, each had made proposals for subdivisions or site plan development when the Town Board enacted the disputed law. The vote from a normally five-member board was 3 in favor, 1 against, and 1 absent. The effect of Local Laws, 1989, No. 5 was to impose a moratorium on the issuance of building permits or construction approvals for a period of one year from October 6, 1989. No variance procedures were approved for cases of hardship, despite the recommendations *639 of the Saratoga County Planning Board that such a variance procedure be incorporated into the law. The petitioners have now, in five causes of action, challenged the moratorium.
Initially, the court rejects the respondents’ challenge to the plaintiffs-petitioners’ standing.
The pivotal issue before the court distills to whether a moratorium on building constitutes zoning. From the beginning, the procedure followed to effectuate the moratorium has been premised upon the assumption that an imposed moratorium is not zoning. Therefore, if a moratorium is zoning, then causes of action one, two, four and five, alleging a failure to comply with proper procedures in the zoning context (General Municipal Law § 239-m [voting requirement for the board]; Town Law § 264 [notice requirements to adjoining municipalities]; Town of Greenfield Zoning Law § 25 [zoning amendment procedures]; 6 NYCRR 617.5 [b]; 617.12 [b] [need for full environmental assessment]), are meritorious.
The specific question of whether a building moratorium is zoning has not been directly answered in published opinions. There are indications, however, of how appellate courts regard building moratoria, and those indications point to a determination that moratoria are zoning measures. A moratorium has been called "interim zoning” or "stop-gap zoning”. (See, Matter of West Lane Props. v Lombardi, 139 AD2d 748; Turnpike Woods v Town of Stony Point, 121 AD2d 715; Matter of Dune Assocs. v Anderson, 119 AD2d 574.) These decisions do not analyze the issue, and merely by making a bald categorization, may not be considered conclusive. A most telling decision, however, actually cited in the respondents’ memorandum of law, is Matter of Temkin v Karagheuzoff (43 AD2d 820, affd 34 NY2d 324) wherein the Appellate Division, First Department, with the affirmance of the Court of Appeals, struck down a moratorium in New York City for a failure to enact it as any amendment to a zoning ordinance must be enacted. The clear implication is that a moratorium is either zoning, or, if not zoning per se, so similar to zoning in quality that zoning procedures must be followed prior to enactment.
The respondents rely upon the following language from section 11.01 (3) of the respected treatise, 1 Zoning and Planning (4th ed), by Rathkopf: "In this context, the term 'zoning’ is somewhat misleading, since, whether land is unzoned or has an existing zoning classification, an ordinance or resolution halting development or prohibiting the issuance of building *640 permits for land use otherwise allowed in the area is not zoning.” The quote, however, ignores the next sentence, which reads: "However, the term has been applied, since such building moratoria (or so-called stop-gap ordinances) generally have been utilized in support of a pending or contemplated zoning plan or zoning change”. This latter sentence cuts to the heart of the issue. A moratorium may not be regarded in a vacuum, but must be considered as an integral part of the total zoning plan. A moratorium is used in conjunction with, indeed it, generally, may be justified only in the context of, the establishment of a comprehensive zoning plan. (Matter of Hasco Elec. Corp. v Dossler, 143 NYS2d 240; American Bar Association Committee on Land Use, Planning and Zoning, Recent Developments in Environmental Preservation and the Rights of Property Owners, 20 Urb Law 969 [1988].)
The court finds that the moratorium imposed represents a form of zoning, and that it must be annulled and vacated. In so finding, the court, of course, does not preclude the respondents from subsequently enacting a moratorium which may pass muster, both procedurally and constitutionally.