THOMAS G. YOUNG, as Mayor of the City of Syracuse, et al., Appellants, v NICHOLAS PIRRO, as County Executive of the County of Onondaga, et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Petitioners' CPLR article 78 proceeding seeks to enjoin respondents from reallocating sales tax revenue pursuant to the terms of Resolution No. 227 passed by the County Legislature, which reduced the City's share of sales tax revenue from 34.3% (as now received under the current agreement with the County) to a low of 25.89% by the year 2000. Petitioners allege that respondents failed to comply with the requirements of the State Environmental Quality Review Act ("SEQRA"). Respondents argue in opposition that petitioners lack standing to challenge the actions taken; that petitioners failed to name necessary parties; that petitioners are equitably estopped from challenging the actions taken; and that the passage of Resolution No. 227 is not an action subject to review under SEQRA. Supreme Court, without writing, dismissed the petition. Because we find that petitioners lack standing to challenge the

actions of the County, we agree with Supreme Court's dismissal and address only that issue.

In *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency* (76 NY2d 428, 433), the Court of Appeals held that "[t]o qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature". Here, the essence of petitioners' claim is that, because of the sales tax revenue reallocation, the City will expect to lose $85 million in revenue over the next 10 years. The amount expected to be lost is, however, purely speculative. Furthermore, petitioners allege that the "environmental impact" of the Resolution will be "[s]evere reduction in the City's budget" which will necessitate "the reduction of City spending in the three prime areas of capital projects, personnel and discretionary grants to cultural and civic organizations, as well as a reduction in City revenue allocated to the school district". Petitioners fail to plead any specific negative effects upon the environment. While petitioners attempt to amplify these claims by alleging that residents and businesses will move away, property taxes will increase and services will decline, those claims are speculative and in reality only express concern over the City's possible future financial condition.

In view of the purely fiscal nature of the Resolution and petitioners' failure to demonstrate any concrete environmental rather than economic injury, we conclude that petitioners lack standing to bring this proceeding *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra)*. In doing so, we are being mindful of the admonition of the United States Supreme Court that the consequences of infinitely extending the purview of environmental protection statutes will not be the protection of the environment, but the subjection of virtually every governmental action to the inevitable delays caused by challenges from those who for any reason are inclined to oppose such action *(see, Metropolitan Edison v People Against Nuclear Energy,* 460 US 766, 772; *Andrus v Sierra Club,* 442 US 347, 358; *see also, Matter of New York State Bldrs. Assn. v State of New York,* 98 Misc 2d 1045, 1050). (Appeal from Judgment of Supreme Court, Onondaga County, Miller, J.—Article 78.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.