■ In the Matter of VINCENT F. CIOCI et al., Appellants, v SUFFOLK COUNTY LEGISLATURE et al., Respondents. [622 NYS2d 544] —In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Legislature and the Suffolk County Executive to redirect $24,300,000 from the Suffolk County Water Quality Protection Program to the Suffolk County General Fund, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Fierro, J.), dated June 26, 1992, which, upon granting the respondents' motion to dismiss the petition on the ground that the petitioners lack standing, dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court correctly determined that the petitioners did not assert a legally cognizable injury in their petition. Thus, the petitioners do not have standing to challenge the legality of the respondents' diversion of funds from the Suffolk County Water Quality Protection Program to the Suffolk County General Fund *(see, Society of Plastic Indus. v County of Suffolk,* 77 NY2d 761; *see also, Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.,* 84 NY2d 287; *Matter of Gilkes v New York State Div. of Parole,* 192 AD2d 1041, 1042; *Young v Pirro,* 170 AD2d 1033; *cf., Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 527-528). Nor, we note, have the petitioners raised a justicia-

ble controversy *(see, Cuomo v Long Is. Light. Co.,* 71 NY2d 349, 354; *Matter of Fifth Ave. of Long Is. Realty Assocs. v Board of Trustees,* 199 AD2d 392; *cf., Matter of Natural Resources Defense Council v New York City Dept. of Sanitation,* 83 NY2d 215). Accordingly, the Supreme Court properly dismissed the petition. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.