OPINION OF THE COURT
Sandra J. Feuerstein, J.
The motion by plaintiffs for a preliminary injunction and the cross motion by the defendants for summary judgment dismissing the complaint are determined as hereinafter provided.
The plaintiff, Joseph Caruso, a builder, purchased a certain piece of property known as section 21, block 206, lot 48, located at 4 Central Drive, Glen Head, New York, in February 1996. Prior to purchasing the property Mr. Caruso ascertained that the property was located in a Residence C zone which requires a minimum lot area of 10,000 square feet. Mr. Caruso intended to subdivide the 21,383-square-foot lot into two parcels and construct at least one and possibly two new homes on the property. Upon closing on the purchase of the subject property on September 19, 1996, Mr. Caruso applied for approval of the subdivision. On October 15, 1996, Mr. Caruso was informed by the Nassau County Planning Commission that approval to subdivide was not required. Accordingly, on that same day Mr. Caruso conveyed parcel 1 to his wife, plaintiff Ellen Caruso. Mr. Caruso remained owner of parcel 2.
On or about October 16, 1996, Mr. Caruso filed an application for permit to build or install with the Department of Planning and Research, Building Division of the Town of Oyster Bay. Mr. Caruso was informed that his permit application would not be reviewed because the Town Board was considering a zoning reclassification for the area that included Mr. Caruso’s property. Mr. Caruso learned that, based upon a petition signed by area residents, the Town Board was considering (1) changing the zone from Residence C (10,000 square feet) to Residence B-l (20,000+ square feet), and (2) adopting a moratorium on building permits for new home construction. A public hearing was scheduled for October 29, 1996.
The undated petition signed by area residents státed the following: "We, the undersigned are the owners of the houses in North Shore Acres, Glen Head, New York * * * We have been advised by the proposed purchaser of 4 Central Drive, Glen Head, in North Shore Acres, that he intends to subdivide this ½ acre property and create and develop two new single *95 family houses thereon. If he is permitted to do this it will result in a de facto downzoning of this neighborhood which will result in the diminution of property values, the complete destruction and change in the established ½ acre character of the neighborhood and cause significant damage and destruction of numerous large trees and vegetation and the environment, increased and unsafe traffic conditions, and a general detriment to the health, safety and welfare of the residents of the Town and this neighborhood. We would ask that the Town of Oyster Bay rezone North Shore Acres to a ½ acre minimum lot size zone which comports with the actual development of the properties. In the meantime, we petition the Town of Oyster Bay to place a moratorium on development of the properties pursuant to the current 10,000 square foot zoning or take such other action as is necessary to preserve this neighborhood.”
Following the hearing on October 29, 1996, the Town Board, by unanimous vote, adopted Local Laws, 1996, No. 4 of the Town of Oyster Bay, to amend Town of Oyster Bay Code § 246-3A, entitled: "a local law to adopt a moratorium on the issuance OF building permits for new home construction in AN AREA DESCRIBED AS NORTH SHORE ACRES, GLEN HEAD, NEW York." The new Local Law stated the following: "For a period or six months from the effective date of this Local Law, no building permit to allow construction of a one family home shall be issued on property included in Section 21 and Blocks 202, 203, 205 and 206 on the Land and Tax Map of Nassau County.”
The moratorium took effect immediately.
The Town Board withheld its decision to change the zoning classification pending receipt of environmental studies and appraisals.
Based upon the moratorium, the petitioners’ application for a building permit is being withheld from review.
On December 10, 1996, the plaintiffs commenced an action against the defendants seeking a judgment declaring that: (a) the moratorium is ineffective and void based upon the Town’s failure to follow the procedures mandated by General Municipal Law § 239-m; (b) defendants are restrained from applying any zoning classification other than Residence C to plaintiffs’ property; (c) the plaintiffs have a vested right in their Residence C property by virtue of simple and separate ownership; and (d) the plaintiffs may construct two one-family homes on their property. The complaint also seeks injunctive relief *96 directing the defendants to process the building permit and grant the permit allowing the construction of the one-family dwellings and enjoining the defendants from adopting the proposed change in zoning from Residence C to Residence B-l.
On December 12, 1996, the Nassau County Planning Commission reviewed the adopted Local Law providing for the moratorium and recommended that the "referring agencies take action as they deem appropriate.”
The plaintiffs now move for a preliminary injunction, inter alia, restraining and enjoining the defendants from enforcing the moratorium. The defendants have cross-moved for summary judgment dismissing the complaint in its entirety.
Before addressing the merits of the respective applications, it is important to analyze the procedure by which this matter was commenced. Where the challenge to a local law does not involve facial validity or constitutionality of the law, but rather the procedure by which the legislation was enacted, a CPLR article 78 proceeding is the proper method (see, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193; Matter of Voelckers v Guelli, 58 NY2d 170; Phillips v Town of Brookhaven, 216 AD2d 374). Nevertheless, because in this case the declaratory judgment action was commenced within the Statute of Limitations applicable to article 78 proceedings, there is no prejudice to the defendants and the court will determine this matter on the merits (see generally, Matter of Save the Pine Bush v City of Albany, supra, at 202).
General Municipal Law § 239-m provides the following in pertinent part:
"2. Referral of proposed planning and zoning actions. In any city, town or village which is located in a county which has a county planning agency * * * each referring body shall, before taking final action on proposed actions included in subdivision three of this section, refer the same to such county * * * planning agency.
"3. Proposed actions subject to referral.
"(a) The following proposed actions shall be subject to the referral requirements of this section, if they apply to real property set forth in paragraph (b) of this subdivision * * *
"(ii) adoption or amendment of a zoning ordinance or local law”.
The County Planning Commission must report back to the referring agency within 30 days after receipt of the proposed action. If the County Planning Commission fails to report *97 within 30 days, the referring agency may take final action without the report.
The law is well settled that failure to comply with the referral requirements of section 239-m is a jurisdictional defect which renders the enactment invalid. (See, Matter of Ferrari v Town of Penfield Planning Bd., 181 AD2d 149, 152; Matter of Burchetta v Town Bd., 167 AD2d 339, 340-341.)
It is also well settled that a moratorium on building has been held a "reasonable measure designed to temporarily halt development while the town considered comprehensive zoning changes and * * * therefore a valid stopgap or interim zoning measure” (Matter of Dune Assocs. v Anderson, 119 AD2d 574, 575; see also, Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57, 66; Mitchell v Kemp, 176 AD2d 859, 860; 119 Dev. Assocs. v Village of Irvington, 171 AD2d 656, 657; Matter of McDonald’s Corp. v Village of Elmsford, 156 AD2d 687, 689).
No appellate courts, however, have discussed compliance with General Municipal Law § 239-m as applied to the adoption of a moratorium on issuing building permits. The only case law directly on point is a Supreme Court, Saratoga County, decision in which the court stated that a moratorium is a type of zoning enactment which requires referral to the County Planning Commission (B & L Dev. Corp. v Town of Greenfield, 146 Misc 2d 638 [Brown, J.]). The court in B & L held that the moratorium enacted was invalid because the Board did not follow the procedures of General Municipal Law § 239-m.
The plain language of General Municipal Law § 239-m indicates that the proposed enactment of a moratorium must be referred to the County Planning Commission before final action is taken. The referral requirement clearly applies to the adoption of a local law which affects real property in a particular area provided in the statute. There is no question that the property in question is in an area subject to the referral requirements. Accordingly, in this case, the proposed adoption of Local Law No. 4 should have been referred to the Nassau County Planning Commission prior to its enactment. However, the Town Board adopted Local Law No. 4 on October 29, 1996. This constituted a "final action” within section 239-m. While the record does not indicate exactly when Local Law No. 4 was referred to the Nassau County Planning Commission, the defendants do not even argue that Local Law No. 4 was referred prior to its enactment. In any event, in light of the fact that the County’s report was issued December 12, 1996, it is clear that the defendants did not wait the required 30 days *98 to receive the County’s report before taking final action. The defendants’ failure to do so renders the moratorium invalid as jurisdictionally defective (see, Matter of Burchetta v Town Bd., supra, at 340-341).
Further, although an indication that the enactment of Local Law No. 4 was pursuant to an exercise of the Town’s police power would require a determination whether the moratorium was a "reasonable, necessary, and limited response directed at redressing a genuine crisis or emergency” (Cellular Tel. Co. v Village ofTarrytown, supra, at 66; Matter of Pete Drown, Inc. v Town Bd., 188 AD2d 850, 852), no such crisis or emergency is present in this case.
Accordingly, based upon the foregoing and upon searching the record (CPLR 3212 [b]), the defendants’ cross motion to dismiss the request for a declaration regarding the validity of Local Law No. 4 is denied and partial summary judgment is granted to the plaintiffs declaring that Local Law No. 4 is invalid and unenforceable.
The plaintiffs also request a declaration that they are entitled to the permit and an order directing the defendants to issue the permit. However, the record is not sufficient for the court to order the defendants to grant the plaintiffs’ permit. The permit application must be processed in the ordinary course of the Town’s operations now that the moratorium is no longer in effect. Additionally, there is no evidence that the moratorium was enacted in bad faith thereby warranting an order directing its issuance (see, Matter of McDonald’s Corp. v Village of Elmsford, 156 AD2d 687, 689, supra).
Insofar as the defendants’ cross motion seeks dismissal of plaintiffs’ demands in the complaint lettered (b) through (f), it is granted. The remainder of the plaintiffs’ requests for relief involve determinations that the Town Board has not yet made, such as the proposed change of zone from Residence C to Residence B-l. A declaration or an injunction on these matters would constitute an impermissible advisory opinion (see, Cuomo v Long Is. Light. Co., 71 NY2d 349, 354; Matter of Cioci v Suffolk County Legislature, 212 AD2d 610; Matter of Fifth Ave. of Long Is. Realty Assocs. v Board of Trustees, 199 AD2d 392; Pospisil v Anderson, 140 AD2d 317).
Finally, in light of the above, the plaintiffs’ application for injunctive relief is denied as academic.