■ JENNIE DETMER et al., Respondents-Appellants, v HENRIETTA ACAMPORA et al., Appellants-Respondents. [616 NYS2d 506] —In an action, inter alia, for a judgment declaring invalid certain provisions of the Town Law and the Code of the Town of Brookhaven, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated June 8, 1992, as denied the branch of their motion which was to dismiss the first through sixth, eleventh, twelfth, and thirteenth causes of action. The plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted the branch of the defendants' motion which was to dismiss the ninth and tenth causes of action.

Ordered that the order is modified by deleting the provision thereof denying the branch of the defendants' motion which was to dismiss the fifth, sixth, and twelfth causes of action, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied the branch of the defendants' motion which was to dismiss the plaintiffs' first four causes of action on the ground that they fail to state a cause of action (see, CPLR 3211 [a] [7]). The complaint alleges that the defendants did not notify the plaintiffs of the pending resolution to rezone their property. The causes of action in question state valid challenges to the constitutionality of the defendants' failure to give the plaintiffs actual notice and to the provision of the Code of the Town of Brookhaven giving

the defendants the authority to waive such notice *(see, e.g., Matter of McCann v Scaduto,* 71 NY2d 164; *Anthony v Town of Brookhaven,* 190 AD2d 21). Since the court is not concerned with determinations of fact or the likelihood of success on the merits *(see, Stukuls v State of New York,* 42 NY2d 272, 275; *Grand Realty Co. v City of White Plains,* 125 AD2d 639), the Supreme Court properly denied the defendants' motion to dismiss those causes of action.

The Supreme Court properly dismissed the ninth and tenth causes of action. Those causes of action challenge the procedures followed by the defendants in enacting an ordinance and not the substance of the ordinance itself. They are, therefore, subject to the four-month Statute of Limitations applicable to CPLR article 78 proceedings *(see,* CPLR 217; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202; *Detmer v Acampora,* 207 AD2d 477 [decided herewith]).

We find, however, that the Supreme Court erred in denying the defendants' motion to dismiss the fifth, sixth, and twelfth causes of action. The defendants' denomination of the plaintiffs' property as a special groundwater protection area did not, in itself, impose any duty on the defendants to prepare a full environmental assessment beforehand *(see,* ECL 55-0117; 6 NYCRR 617.12, 617.15; Code of the Town of Brookhaven § 80-3) and did not affect the plaintiffs' property rights. The fifth, sixth, and twelfth causes of action, therefore, do not allege a basis for voiding the denomination.

With regard to the plaintiffs' thirteenth cause of action for damages pursuant to 42 USC § 1983, the defendants argue for the first time on appeal that this cause of action should be dismissed, on the ground of legislative immunity, insofar as it is asserted against the members of the Town Board of the Town of Brookhaven in their individual capacities. The plaintiffs contend that this cause of action is based on, *inter alia,* acts which occurred in a nonlegislative context *(see, e.g., Donivan v Dallastown Borough,* 835 F2d 486, *cert denied sub nom. McKinsey v Donivan,* 485 US 1035). Had the defendants raised this argument in the Supreme Court, the plaintiffs would have had the opportunity to demonstrate the existence of a facially valid cause of action *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636) and to move to amend the complaint, if necessary. Because resolution of this issue on the record now before us would deny the plaintiffs that opportunity, we decline to reach it on this appeal. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.