■ JENNIE DETMER et al., Respondents, v HENRIETTA ACAM-PORA et al., Appellants. [616 NYS2d 505] —In an action, *inter alia,* for a judgment declaring invalid certain provisions of the Code of the Town of Brookhaven, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Rohl, J.), dated May 8, 1991, as denied the branch of their motion which was to dismiss the first, third, and fourth causes of action and granted that branch of the plaintiffs' cross motion which was for summary judgment on the third cause of action.

Ordered that the order is modified (1) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the plaintiffs' third cause of action and substituting therefor a provision granting that branch of the defendants' motion, and (2) by deleting the provision thereof granting the branch of the plaintiffs' cross motion which was for summary judgment on the third cause of action and substituting therefor a provision denying that branch of the plaintiffs' cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We find no merit to the defendants' contention that the plaintiffs' first and fourth causes of action should be dismissed for failure to state a cause of action *(see,* CPLR 3211 [a] [7]). Those causes of action allege that the zoning change in question is unreasonable, arbitrary, confiscatory, and that it serves no legitimate governmental purpose. If those causes of action were proven, the zoning change would be a deprivation of property without due process of law *(see, McMinn v Town of Oyster Bay,* 66 NY2d 544, 549; *French Investing Co. v City of New York,* 39 NY2d 587, 595-596, *cert denied* 429 US 990). Since the court is not concerned with determinations of fact or the likelihood of success on the merits *(see, Stukuls v State of New York,* 42 NY2d 272, 275; *Grand Realty Co. v City of White Plains,* 125 AD2d 639), the Supreme Court properly denied the defendants' motion to dismiss the first and fourth causes of action.

We disagree, however, with the Supreme Court's conclusion that the plaintiffs' third cause of action is not time barred. Unlike the first and fourth causes of action, which challenge the substance of the zoning change, the third cause of action is based on the manner in which the zoning change was enacted. Such a challenge to the procedure employed by the defendants should have been brought in a proceeding pursu-

ant to CPLR article 78 *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202), which is now time barred *(see,* CPLR 217). Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.