■ HOWARD L. PHILLIPS et al., Respondents, v TOWN OF BROOKHAVEN et al., Appellants. [628 NYS2d 723] —In an action, *inter alia,* for a judgment declaring that the rezoning of the plaintiffs' property is unconstitutional, invalid, illegal, and void, the defendants appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated May 1, 1992, which

denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was to dismiss the plaintiffs' fourth cause of action, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.

We agree with the Supreme Court's conclusions sustaining the majority of the plaintiffs' causes of action since they generally state cognizable claims for relief stemming from the rezoning of the plaintiffs' property from business to residential *(see, e.g., Detmer v Acampora,* 207 AD2d 477). However, we agree with the defendants that the fourth cause of action is defective since it purports to allege a violation of the Sherman Anti-Trust Act (15 USC § 1 *et seq.).* Even assuming that the rezoning was intended to promote established businesses by limiting competition from new shopping centers, such would not give rise to claims cognizable under the Sherman Anti-Trust Act *(see, City of Columbia v Omni Outdoor Adv.,* 499 US 365). Insofar as the plaintiffs attempt to challenge the rezoning upon grounds that the defendants violated the provisions of Environmental Conservation Law article 8 (SEQRA), these claims should have been brought in a proceeding pursuant to CPLR article 78, which is now time barred *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193; *Detmer v Acampora, supra).*

We reject the contention of the individual defendants that the plaintiffs' causes of action to recover damages pursuant to 42 USC § 1983 against them in their individual capacities are barred by the doctrine of legislative immunity. This issue was never raised before the Supreme Court, and it cannot be determined on the instant record that the individual defendants were acting exclusively in a legislative capacity, which is required for immunity to attach *(see, Detmer v Acampora,* 207 AD2d 475, 476, *supra; see also, Donivan v Dallastown Borough,* 835 F2d 486, *cert denied sub nom. McKinsey v Donivan,* 485 US 1035). Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.