■ ANDREA JACOBS et al., Appellants, v MACY's EAST, INC., et al., Respondents. [693 NYS2d 164] —In an action pursuant to Labor Law § 193 to recover wages wrongfully withheld, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated March 11, 1998, as granted that branch of the motion of the defendant The May Department Stores Company which was to dismiss the complaint insofar as asserted against it for failure to state a cause of action, granted that branch of the motion of the defendants Macy's East, Inc., Bloomingdale's, Inc., and Sterns Department Store, Inc., to dismiss the complaint insofar as asserted against them for failure to state a cause of action, and denied their cross motion for summary judgment.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the defendant The May Department Stores Company which was to dismiss the complaint insofar as asserted against it for failure to state a cause of action, and substituting therefor a provision denying that branch of its motion, and (2) (a) deleting the provisions thereof granting that branch of the motion of the defendants Macy's East, Inc., Bloomingdale's, Inc., and Sterns Department Store, Inc., which was to dismiss the complaint insofar as asserted against Macy's East, Inc., and Bloomingdale's, Inc., by the plaintiffs Andrea Jacobs, Muranza Kopano, and Ben Wilder for failure to state a cause of action, and substituting therefor a provision denying that branch of their motion, and (b) deleting the provision thereof denying, as moot, that branch of the motion of the defendants Macy's East, Inc., Bloomingdale's, Inc., and Stern's Department Store, Inc., which was to dismiss, as time-barred, those claims asserted by the plaintiffs Andrea Jacobs, Muranza Kopano, and Ben Wilder, which accrued prior to August 9, 1990, and substituting therefor a provision granting that branch of the motion (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs' complaint alleges that while working at certain department stores owned by Macy's East, Inc. (hereinafter Macy's), Bloomingdale's, Inc. (hereinafter Bloomingdale's), Sterns Department Stores, Inc. (hereinafter Sterns), and The May Department Stores Company (hereinafter May), deductions were taken from their wages in violation of Labor Law § 193.

It is well settled that on a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference (*see, Leon v Martinez,* 84 NY2d 83, 87; *Rotanelli v Madden,* 172 AD2d 815, 816). The issue is whether the plaintiff has a cause of action and not whether he may ultimately be successful on the merits (*see, Stukuls v State of New York,* 42 NY2d 272, 275; *Detmer v Acampora,* 207 AD2d 475; *Greenview Trading Co. v Hershman & Leicher,* 108 AD2d 468, 470).

Applying these principles to the case at bar, the Supreme Court erred when it granted the motion by the defendant May to dismiss the complaint insofar as asserted against it and those branches of the motion by the defendants Macy's, Bloom-

ingdale's, and Sterns, to dismiss the complaint insofar as asserted against Macy's and Bloomingdale's by the plaintiffs Andrea Jacobs, Muranza Kopano, and Ben Wilder, for failure to state a cause of action. In the complaint, those plaintiffs alleged that no contract existed between them and these defendants regarding when commissions were earned, and thus, that their commissions were earned upon the sale. They further alleged that these defendants, by deducting "unidentified returns" from their commissions after the sales, made deductions from their wages, in violation of Labor Law § 193. Accordingly, the complaint, insofar as asserted on behalf of these three plaintiffs, adequately stated a cause of action under Labor Law § 193 against these defendants.

We agree, however, with the Supreme Court that the complaint failed to state a cause of action against the defendant Sterns, since there exists no allegation that any plaintiff was ever employed by a store owned or operated by it. Moreover, the defendant Macy's is entitled to the dismissal of the complaint insofar as asserted against it by the plaintiff Magdalean Laurence since the uncontroverted evidence established that Laurence was, at all times, a straight salary salesperson and not a commissions salesperson at Macy's. In addition, all claims for moneys due arising out of alleged improper deductions made before August 8, 1990, are time-barred by the six-year Statute of Limitations (Labor Law § 198 [3]; CPLR 213 [2]).

Since issues of fact remain as to whether the parties entered into contracts which altered the common law rule that commissions are earned upon the sale, the plaintiffs' cross motion for summary judgment was properly denied.

The parties' remaining contentions are without merit. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.