■ In the Matter of FE TERESA J. MCCARTHY, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF NISKAYUNA et al., Respondents. [724 NYS2d 798] —Mugglin, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered September 26, 2000 in Schenectady County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia*, partially dismissed the petition/complaint as untimely.

In June 1971, the Town of Niskayuna, Schenectady County, presumptively adopted a zoning ordinance which, *inter alia*, required that professional buildings in R-2 zones abut on and access major and minor arterial highways. In furtherance of her plan to build a medical office building in an R-2 zone on Troy Road, petitioner applied for variances from the driveway spacing requirements and the requirement that professional buildings have access to major and minor arterial highways. The requested variances were denied by respondent Zoning Board of Appeals of the Town of Niskayuna in December 1999. In January 2000, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging the denial of the variances. In her first cause of action, petitioner alleges that the zoning ordinance is illegal and invalid because it was neither properly entered in the minutes of the Town Board nor properly published and posted in accordance with Town Law § 264. In her second cause of action, petitioner alleges that the provision requiring access to major and minor arterial highways should be declared invalid because it is inconsistent with the intent of the drafters and has been inconsistently applied during the life of the ordinance. Respondents' amended answer includes the affirmative defense that petitioner's claims are time barred.

In June 2000, during the pendency of these proceedings before Supreme Court, the Town amended its zoning ordinance to exclude professional office buildings in R-2 zones, but this fact was apparently not communicated to Supreme Court. Thereafter, Supreme Court, *inter alia*, dismissed petitioner's first two causes of action as barred by the Statute of Limitations. Petitioner appeals.

To determine the applicable limitation period, we look to the

underlying claim and the nature of the relief sought. Petitioner's first declaratory judgment cause of action does not challenge the substance of the local law, but is directed at the procedures followed in its enactment. Consequently, a CPLR article 78 proceeding is appropriate (*see, Matter of Llana v Town of Pittstown*, 234 AD2d 881, 882-883, *lv denied* 91 NY2d 812), and the four-month Statute of Limitations found in CPLR 217 applies. Petitioner's second declaratory judgment cause of action is directed at the substance of a portion of the ordinance, not the procedures followed in its enactment, and the six-year Statute of Limitations found in CPLR 213 applies (*see, Matter of Frontier Ins. Co. v Town Bd.*, 252 AD2d 928, 930).

Since the applicable Statute of Limitations commences with the effective date of the presumptively valid enactment of the local law, both causes of action are time barred (*see, Almor Assocs. v Town of Skaneateles*, 231 AD2d 863). "To allow an alleged continuing harm which flows from a fully completed, separate, discrete act to infinitely extend the Statute of Limitations * * * would vitiate the purpose underlying the limitations period [citations omitted]" (*Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 560).

Moreover, in the absence of any statutory authority that would toll the Statute of Limitations, petitioner's claim in this respect must be rejected (*see, Matter of King v Chmielewski*, 76 NY2d 182, 187-188). Petitioner's first and second causes of action are time barred. Under these circumstances, the parties' remaining contentions are either unnecessary for us to address or are without merit.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.