■ In the Matter of DOROTHEA J. SIMONSEN, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF HUNTINGTON et al., Respondents. [754 NYS2d 325] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated August 30, 1999, granting the application of the respondents Catherine Netters-

cheim and Peter Netterscheim for area variances to build a garage in which to store and display classic cars at their residence, the petitioner, Dorothea J. Simonsen, appeals from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), dated November 8, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner commenced this proceeding pursuant to CPLR article 78 seeking to review a determination of the Zoning Board of Appeals of the Town of Huntington (hereinafter the ZBA) granting area variances to the respondents Catherine Netterscheim and Peter Netterscheim (hereinafter the respondents). The respondents required the variances to construct an oversized detached garage on their one-acre residential property to be used for storing their classic automobile collection. The Town Code of the Town of Huntington permitted garages large enough to hold three automobiles, whereas the respondents' proposed garage would be large enough to hold five automobiles. The petitioner's home is on a one-acre lot located directly across the street from the respondents' property.

Contrary to the contention of the ZBA, the appeal has not been rendered academic by the construction of the garage (*see Vitiello v City of Yonkers,* 255 AD2d 506; *Matter of Watch Hill Homeowners Assn. v Town Bd. of Town of Greenburgh,* 226 AD2d 1031; *Town of E. Hampton v Buffa,* 157 AD2d 714). However, contrary to the petitioner's contentions, the determination of the ZBA to grant the area variances was neither arbitrary nor capricious, had a rational basis, and was supported by substantial evidence (*see Matter of Shorelands, Inc. v Matthew,* 230 AD2d 862; *Matter of New Venture Realty v Fennell,* 210 AD2d 412).

The appellant's remaining contentions are without merit. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur. [As amended by unpublished order entered Apr. 11, 2003.]