■ In the Matter of E AND J SYLCOX REALTY, INC., Appellant, v TOWN OF NEWBURGH PLANNING BOARD et al., Respondents.
[783 NYS2d 819]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Newburgh Planning Board dated April 3, 2003, which conditionally approved a site plan for the construction of a travel center, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (McGuirk, J.), dated September 4, 2003, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This appeal was not rendered academic by the substantial completion of the travel center at issue. The petitioner, E and J Sylcox Realty, Inc. (hereinafter Sylcox), properly sought injunctive relief after the site plan of the respondent Pilot Travel Centers, Inc. (hereinafter Pilot), was conditionally approved by the respondent Town of Newburgh Planning Board. After the Supreme Court denied the petition and dismissed the proceeding, Sylcox sought injunctive relief in this Court pending the hearing and determination of this appeal. Under the circumstances, Sylcox did all it could timely do to safeguard its interests, and Pilot was put on notice that if it proceeded with construction, it would do so at its own risk (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172-173 [2002]; Matter of Simonsen v Zoning Bd. of Appeals of Town of Huntington, 301 AD2d 654, 655 [2003]; Vitiello v City of Yonkers, 255 AD2d 506, 507 [1998]).

Sylcox challenged the conditional approval of the site plan by alleging that Local Law No. 3 (1996) of the Town of Newburgh (hereinafter the Local Law), as adopted by the Town Board of the Town of Newburgh (hereinafter the Town Board) on July 15, 1996, was invalid. The Local Law amended chapter 185 of the Code of the Town of Newburgh entitled "Zoning" to allow a "travel center" as a permitted use in the "IB" zoning district.

However, since Sylcox challenged only the procedural aspects of the Local Law, the Supreme Court properly determined that this proceeding was time-barred by the four-month statute of

limitations pursuant to CPLR 217 (*see Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202 [1987]; *Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna,* 283 AD2d 857, 858 [2001]). Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.