[817 NYS2d 345]

P & N Tiffany Properties, Inc., Appellant, v Village of Tuckahoe, Respondent.

Second Department, June 13, 2006

**APPEARANCES OF COUNSEL**

*Vivian L. Hausch*, White Plains, for appellant.
*John D. Cavallaro, PLLC*, Tarrytown, for respondent.

**OPINION OF THE COURT**

SPOLZINO, J.

The issue presented on this appeal is which statutory limitations period applies to an action challenging the validity of a local law on the ground that due notice of its consideration was not given. At issue is the validity of Local Law No. 7 (1999) of the Village of Tuckahoe (hereinafter the local law) insofar as it amended Zoning Code of the Village of Tuckahoe § 6-1.3.1 (hereinafter section 6-1.3.1).

The issue arises out of the plaintiff's ownership of commercial property in the Village of Tuckahoe (hereinafter the Village). The Village adopted the local law on November 8, 1999. The local law provided, inter alia, for the amendment of section 6-1.3.1 to incorporate by reference the provisions of Village Law § 20-2006 (1-a) with respect to fines and penalties for local code violations. By summons and complaint dated December 21, 2003, the plaintiff, which had been fined in 2001 upon its conviction, later overturned on appeal, of a local zoning code violation, commenced this action. The plaintiff alleged, among other things, that so much of the local law as amended section 6-1.3.1 should be declared invalid because it was enacted in violation of the notice provision of Village Law § 21-2100.

The plaintiff subsequently moved, in effect, for summary judgment on its complaint. In response, the Village cross-moved, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (5), arguing that the plaintiff's challenge to the local law was time-barred since its claim could have been brought as a proceeding pursuant to CPLR article 78 and thus was required to have been brought within four months after the local law was enacted. The Supreme Court agreed with the Village, denied the motion, and granted the cross motion dismissing the complaint.

Although the plaintiff frames the issue presented here as one of constitutional dimension, there is no basis for doing so. It is well established that the failure to give notice of the consider-

ation of a proposed legislative act is not a due process concern (*see Sheldon v Town of Highlands,* 73 NY2d 304, 307-308 [1989]; *see also Bi-Metallic Investment Co. v State Bd. of Equalization of Colo.,* 239 US 441, 445 [1915]; *75 Acres, LLC v Miami-Dade County, Fla.,* 338 F3d 1288, 1294 [2003]; *National Amusements, Inc. v Town of Dedham,* 43 F3d 731, 746 [1995], cert denied 515 US 1103 [1995]; *Richardson v Town of Eastover,* 922 F2d 1152, 1158 [1991]; *Jackson Ct. Condominiums, Inc. v City of New Orleans,* 874 F2d 1070, 1074 [1989]; *People ex rel. Office of Rent Admin., Div. of Hous. & Community Renewal v Berry Estates, Inc.,* 87 AD2d 161, 171-173 [1982], *affd* 58 NY2d 701 [1982]; *Free Synagogue of Flushing v Board of Estimate of City of N.Y.,* 35 AD2d 599, 600 [1970]).

Rather, the issue is whether the Village complied with the notice requirements of Village Law § 21-2100. Because the notice, as published, failed, through a publisher's error, to identify completely the local code provision to be amended, it did not fulfill "the purpose and intent of the applicable notice requirement[ ]" (*41 Kew Gardens Rd. Assoc. v Tyburski,* 124 AD2d 553, 554 [1986]), and thus cannot be considered to be sufficient (*see generally Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 677-679 [1996]). The dispositive question is whether the plaintiff can raise such a claim in this action, brought some four years after the legislative act at issue.

The fundamental structure of the statute of limitations analysis is not in dispute. "Statutes of limitations are statutes of repose representing a legislative judgment that . . . occasional hardship . . . is outweighed by the advantage of barring stale claims" (*Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 404 [1993] [internal quotation marks omitted]). In order to determine what limitations period governs a particular declaratory judgment action, the court is required to look to "the substance of [the] action to identify the relationship out of which the claim arises and the relief sought" (*Solnick v Whalen,* 49 NY2d 224, 229 [1980]). If the dispute can be, or could have been, resolved through a form of action or proceeding for which a specific statute of limitations is furnished by statute, then that limitations period will govern the action, regardless of the form in which it is presented (*see Solnick v Whalen,* 49 NY2d at 229-230, *supra*). Otherwise, the six-year "catch-all" provision of CPLR 213 (1) will apply (*see American Ind. Paper Mills Supply Co., Inc. v County of Westchester,* 16 AD3d 443 [2005]).

In *Matter of Save the Pine Bush v City of Albany* (70 NY2d 193 [1987]), the Court of Appeals examined this issue in the

context of a challenge to the enactment of a local law on the ground that the municipality had failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). In holding that such a challenge is properly brought pursuant to CPLR article 78, and thus is subject to the four-month statute of limitations applicable to such proceedings (*see* CPLR 217), the Court of Appeals noted that a CPLR article 78 proceeding is usually not available to challenge a legislative act such as a zoning ordinance (*Matter of Save the Pine Bush*, 70 NY2d at 202). "However," the Court of Appeals continued, "when the challenge is directed not at the substance of the ordinance but at the procedures followed in its enactment, it is maintainable in an article 78 proceeding" (*id.*).

*Matter of Save the Pine Bush* (*supra*) is thus understood to have established a dichotomy between issues addressed to the substance of the law or its constitutionality, as to which a declaratory judgment action is appropriate, and issues that arise from the procedures by which the law was enacted, which may be raised in a CPLR article 78 proceeding (*see Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883-884 [1996]). We have, in fact, so held (*see Matter of E & J Sylcox Realty, Inc. v Town of Newburgh Planning Bd.*, 12 AD3d 445, 446 [2004]; *Detmer v Acampora*, 207 AD2d 477, 477-478 [1994]).

The distinction drawn in *Matter of Save the Pine Bush* (*supra*), between defects that are substantive and those that are procedural, is the essence of this dispute. This distinction proceeds from the axiom that "an article 78 proceeding is unavailable to challenge the validity of a legislative act" (*Matter of Save the Pine Bush*, 70 NY2d at 202, *supra*). This unremarkable principle (*see Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400, 407 [1969]; *Matter of Neddo v Schrade*, 270 NY 97, 102 [1936]) has its foundation in the limitations imposed at common law on the prerogative writs, the procedural device from which the CPLR article 78 proceeding is derived (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 203-204 [1994]). The limitation, however, applies only to the review of the "wisdom or merit" of the determination in issue (*Matter of Voelckers v Guelli*, 58 NY2d 170, 177 [1983]), i.e., its substance, not to the procedures by which the law was enacted. Where the issue is not the "wisdom or merit" of the legislative act, relief may be had in a CPLR article 78 proceeding and the four-month statute of limitations is, therefore, controlling.

Viewed strictly through the prism of *Matter of Save the Pine Bush,* a challenge to a legislative act on the ground of failure to comply in its enactment with statutory notice requirements cannot be read as a "substantive" challenge, notwithstanding our holding in *Annenberg v Environmental Control Bd. of Dept. of Envtl. Protection of City of N.Y.* (220 AD2d 634, 635 [1995]). *Matter of Save the Pine Bush* involved, as noted above, a challenge to a municipal action for failure to comply with SEQRA. Although SEQRA establishes an environmental review procedure, its operative provisions require, prior to any governmental action subject to its strictures, a finding either that the proposed action will not have a significant effect on the environment (*see* ECL 8-0109 [2]) or that "consistent with social, economic and other essential considerations, to the maximum extent practicable, adverse environmental effects revealed in the environmental impact statement process will be minimized or avoided" (ECL 8-0109 [8]). Considering the substantive nature of these required findings, if compliance with SEQRA is procedural for the purpose of determining the availability of CPLR article 78 review, a failure of notice, however egregious it may be, must be procedural as well, and therefore falls within the category of cases in which CPLR article 78 review is available.

Our colleagues in the Appellate Division, Third Department, have already addressed this analysis in these terms in *Matter of Llana v Town of Pittstown* (234 AD2d 881 [1996], *supra*), a case which involved both notice and SEQRA challenges. They have followed its logic in dismissing as untimely challenges to local laws on the ground that they were enacted without being properly entered in the minutes or properly published (*see Matter of Clear Channel Outdoor, Inc. v Town Bd. of Town of Windham,* 9 AD3d 802, 803-804 [2004]; *Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna,* 283 AD2d 857, 857-858 [2001]), or did not provide for the requisite permissive referendum (*see Atkins v Town of Rotterdam,* 266 AD2d 631, 632-633 [1999]), while refusing to apply the four-month statute of limitations to a challenge on the ground that the local law was "inconsistent with the intent of the drafters" (*see Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna,* 283 AD2d at 857, *supra*).

Applying the analysis of *Matter of Save the Pine Bush* (*supra*) to the case before us, the conclusion is inescapable that the plaintiff's claim is governed by the four-month statute of limitations. The underlying challenge here is whether the local law

was enacted without the statutorily-required notice. Regardless of the severity of the failure of notice, such a challenge goes not to the "wisdom or merit" of the law, but to the procedure by which it was enacted (*see Matter of Save the Pine Bush,* 70 NY2d 193, 202 [1987], *supra; Matter of Voelckers v Guelli,* 58 NY2d 170, 177 [1983], *supra*). Since such a procedural claim could have been brought pursuant to CPLR article 78 (*see* CPLR 7803 [3]; *Matter of E & J Sylcox Realty, Inc. v Town of Newburgh Planning Bd.,* 12 AD3d 445, 446 [2004], *supra; Detmer v Acampora,* 207 AD2d 477, 477-478 [1994], *supra*), which is subject to a four-month statute of limitations (*see* CPLR 217 [1]), the action is untimely regardless of the form in which it has been brought (*see Solnick v Whalen,* 49 NY2d 224, 229-230 [1980], *supra*), and the order of the Supreme Court granting Village's cross motion, in effect, to dismiss the complaint on this basis should be affirmed. To the extent that our holding in *Annenberg v Environmental Control Bd. of Dept. of Envtl. Protection of City of N.Y. (supra)* is to the contrary, it should no longer be followed.

In light of our determination, we need not address the plaintiff's remaining contentions.

MILLER, J.P., RITTER and MASTRO, JJ., concur.

Ordered that the order is affirmed, with costs.