| |
|---|
| **Grant v New York City Health & Hosps. Corp.** |
| 2024 NY Slip Op 31209(U) |
| April 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152844/2022 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARTHUR F. ENGORON                    PART                    37
                                            *Justice*

-----------------------------------------------------------------------X    INDEX NO.          152844/2022

LUCRETIA GRANT,                                            MOTION DATE          05/24/2023

                              Plaintiff,                   MOTION SEQ. NO.         002

                - v -

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,                                          **DECISION + ORDER ON
                                                              MOTION**

                              Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 42

were read on this motion to                                      DISMISS                                  .

Upon the foregoing documents, and for the reasons stated hereinbelow, defendant's motion to dismiss, pursuant to CPLR 3211(a)(7), is denied.

Factual and Procedural Background

As alleged in her Amended Complaint, plaintiff, Lucretia Grant, is a 66-year-old African American female who defendant, New York City Health and Hospitals Corporation, employed for 43 years. NYSCEF Doc. No. 32 ¶ 4. Plaintiff is a licensed technologist with a Bachelor of Science in Health Care Administration and a Master of Science in Health Care Management. Id. From October 1989 through December 31, 2021, she worked at Elmhurst Hospital, including as an Associate Supervisor Radiographer in the Radiology Department from 2003 through July 2017. Id. ¶¶ 9-10.

Many of plaintiff's allegations arise out of interactions with non-parties George LeConte, a "younger Haitian-American" who was the Executive Director of Radiology at Elmhurst Hospital; and Jasmine Bostock, a 37-year-old Caucasian woman who was Mr. LeConte's "immediate direct subordinate". NYSCEF Doc. No. 32 ¶¶ 11-12, 16, 7.

Plaintiff alleges that she was one of two women, one of five African Americans, and the oldest of the fifty technicians employed in the Elmhurst Hospital Radiology Department. NYSCEF Doc. No. 32 ¶ 27. During her employment, plaintiff alleges that, inter alia: Mr. LeConte yelled at, insulted and demeaned (id. ¶¶ 14, 19, 22(37), 22(40), 22(49)); she was forced to train her replacement, Ms. Bostock, who was then given more technicians to support her despite having a lesser workload (id. ¶¶ 16, 22(5)); Ms. Bostock disparaged and yelled at her (id. ¶ 22(34)); she was given an "excessive workload" (id. ¶ 22(45)); she was excluded from meetings and communications (id. ¶ 31); she was given less training than her peers (id. ¶ 22(47)); and she was generally discriminated against due to her race, age, and gender.

Plaintiff alleges that in February, May, and August of 2017 she complained, formally and informally, about the disparate treatment to which Mr. LeConte subjected her. NYSCEF Doc. No. 32 ¶¶ 18-21, 22(11). Those allegations included that he:

> discriminated against Plaintiff, humiliated her in front of patients and peers and would often use intimidated [sic] language, belittle her and refuse to engage in any professional discussions with her.
>
> In addition, he would say comments to Plaintiff such as "You are nothing" ["]What do I need you for!", "You do not do nothing [sic] here", "You're ineffective".

NYSCEF Doc. No. 32 ¶¶ 18-21.

Plaintiff alleges that after she complained, inter alia: in either February or July 2017, she was demoted (NYSCEF Doc. No. 32 ¶¶ 10, 22(8)); in January 2018, Mr. LeConte "badgered [her] constantly about patients" (id. ¶ 22(16)); parties micromanaged her (id. ¶22(20)); in October of 2018 her lunch hour was moved by half an hour without notice and Ms. Bostock questioned plaintiff about leaving the floor early "in front of the school's [sic?] administrators" (id. ¶ 22(22)); in July 2019, someone "belittled [plaintiff] for not eating fast enough during lunch" (id. ¶ 22(24); and she was "monitored as to who she could speak to" (id. ¶ 22(28)).

Plaintiff alleges she was constructively terminated in 2021, compelling her to resign due to the hostile work environment. NYSCEF Doc. No. 32 ¶¶ 9-10.

On April 4, 2022, plaintiff commenced this action alleging that she was subjected to disparate treatment and a hostile work environment due to her age, gender and race and suffered retaliation and constructive discharge. NYSCEF Doc. No. 1. Plaintiff asserts two causes of action: (1) violation of Executive Law § 296(1)(a) ("New York State Human Rights Law" or "NYSHRL"); and violation of the Administrative Code of City of NY § 8-107 ("New York City Human Rights Law" or "NYCHRL"). NYSCEF Doc. No. 32.

Defendant now moves, pursuant to CPLR 3211(a)(7), to dismiss. NYSCEF Doc. No. 30. Defendant argues that plaintiff has failed to state a viable cause of action alleging hostile work environment, constructive discharge, or retaliation under NYSHRL or NYCHRL, and, in any event, that her claims are mostly time-barred. NYSCEF Doc. No. 33.

In opposition, plaintiff argues that: her allegations are to be construed liberally under NYSHRL and that she has sufficiently advanced a claim to infer discrimination, hostile work environment, retaliation, and constructive discharge under NYSHRL and NYCHRL. NYSCEF Doc. No. 36. Plaintiff also argues she is not time-barred pursuant to the continuing wrong doctrine. Id.

Discussion

In determining whether a complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if

**152844/2022 GRANT, LUCRETIA vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**
Motion No. 002

Page 2 of 4

from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail." Guggenheimer v Ginzburg, 43 NY2d 268, 275 (1977). The court must accept the facts alleged in the complaint to be true and determine only whether the facts alleged fit within any cognizable legal theory. See Dye v Catholic Med. Ctr. of Brooklyn & Queens, 273 AD2d 193 (2000). The court "is not concerned with determinations of fact or the likelihood of success on the merits." Detmer v Acampora, 207 AD2d 477, 477 (1994).

Discrimination, Hostile Work Environment and Constructive Discharge

Both the NYSHRL and NYCHRL proscribe employment discrimination based on, inter alia, race, and either sex or gender, and they have provisions directing that they be liberally construed to accomplish the remedial purposes that they are designed to serve. Executive Law §296(1)(a); Administrative Code § 8-107(1)(a)(2). "Exceptions to and exemptions from" both statutes "shall be construed narrowly in order to maximize deterrence of discriminatory conduct." Executive Law § 300; see Administrative Code § 8–130(b). "Courts must construe the Human Rights Laws broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." Syeed v Bloomberg L.P., 2024 NY Slip Op 01330 (Ct App, Mar. 14, 2024) (internal quotations and citations omitted). However, the "broader purposes of [NYCHRL] do not connote an intention that the law operate as a 'general civility code.'" Williams v New York City Hous. Auth., 61 AD3d 62, 76 (1st Dept 2009).

To establish a prima facie case of discrimination, a plaintiff must show that: "(1) she is a member of a protected class; (2) she was qualified to hold her employment position; (3) she was terminated from employment or suffered another adverse employment action; and (4) the discharge or adverse action took place under circumstances giving rise to an inference of discrimination." Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 (2004).

Here, according all the facts alleged as true and giving them a liberal construction, plaintiff has made out a prima facie case that she was subjected to unequal treatment because of a protected characteristic, as she alleges she is a member of a protected class, she was qualified to hold her position, she was constructively terminated, and the adverse actions she suffered took place under circumstances where discrimination could be inferred.

Although many of plaintiff's allegations (i.e., having her phone conversations monitored, being given an excessive workload, having her means of payment questioned) do not rise to the level of a hostile work environment, the persistent belittling she alleges ("You are nothing" ["]What do I need you for!", "You do not do nothing [sic] here", "You're ineffective") are sufficient.

Further, plaintiff sufficiently alleges "that defendant deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign." Crookendale v New York City Health and Hosps. Corp., 175 AD3d 1132, 1132 (1st Dept 2019) (internal quotation and citation omitted).

Retaliation

Under both NYSHRL and NYCHRL it is unlawful to retaliate against an employee for opposing discriminatory practices. Executive Law § 296(7); Administrative Law § 8-107(7). To make

152844/2022   GRANT, LUCRETIA vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
Motion No. 002                                                                        Page 3 of 4

3 of 4

[* 3]

such a claim, a plaintiff must show that: "(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action." Forrest at 312-13. Under NYCHRL, the plaintiff must show that defendants took an action that disadvantaged her. Fletcher v Dakota, Inc., 99 AD3d 43, 51 (1st Dept 2012).

Here, plaintiff alleges that she engaged in the protected activity of filing complaints in February and May 2017, and that defendant demoted her soon after. Although her demotion is vaguely alleged - it is unclear if she was demoted in February 2017 or July 2017 - construing the Amended Complaint liberally, plaintiff's retaliation claim should not be dismissed, so long as it is not time-barred.

### Continuing Wrong Doctrine

The statute of limitations for claims under both NYSHRL and NYCHRL is three years. Executive Law § 297(5); Administrative Law § 8-502(d). However, a hostile work environment claim, by its nature, is predicated on a series of separate acts. See National R.R. Passenger Corp. v Morgan, 536 U.S. 101 (2002). Therefore, under the continuing wrong doctrine, even though some of the alleged acts may have occurred outside of the limitations period, the claim will be considered timely so long as the plaintiff alleges "a single continuing pattern of unlawful conduct extending into the [limitations] period immediately preceding the filing of the complaint." St. Jean Jeudy v City of New York, 142 AD3d 821, 823 (1st Dept 2016) quoting Ferraro v New York City Dept. of Educ., 115 AD3d 497, 497-498 (1st Dept 2009).

The instant action was commenced on April 4, 2022, and, accordingly, all claims that accrued prior to April 4, 2019, are time-barred unless the continuing violation doctrine applies. However, giving the complaint every favorable inference and construing it liberally, as plaintiff has sufficiently pled a continuing wrong, including persistent discrimination, hostile work environment, retaliation and, eventually, constructive discharge, the continuing wrong doctrine applies and the complaint is not time-barred.

### Conclusion

Thus, the motion to dismiss is denied.

HON. ARTHUR F. ENGORON J.S.C.

APR 09 2024

_____
4/9/2024
DATE

_____
ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152844/2022   GRANT, LUCRETIA vs. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
Motion No. 002

Page 4 of 4

4 of 4

[* 4]