Matter of FTKS Holdings LLC v Town of Southold (2024 NY Slip Op 50424(U))

[*1]

Matter of FTKS Holdings LLC v Town of Southold

2024 NY Slip Op 50424(U)

Decided on April 10, 2024

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2024
Supreme Court, Suffolk County

In the Matter of the Application of FTKS Holdings, LLC, Petitioner-Plaintiff,

against
Town of Southold and TOWN BOARD OF THE TOWN OF SOUTHOLD, Respondents-Defendants.

Index No. 206597/2022

PETITIONER/PLAINTIFF'S ATTORNEYS:
Greenberg Traurig, LLP
2317 Montauk Highway
Bridgehampton, New York 11932
RESPONDENT/DEFENDANTS' ATTORNEYS:
Devitt Spellman Barrett, LLP
50 Route 111, Suite 314
Smithtown, New York 11787

C. Stephen Hackeling, J.

UPON reading and filing the following papers on the above-captioned petition: Notice of Petition and related documents (NYSCEF Doc. Nos. 1-12); affirmation/affidavit in opposition and related documents (NYSCEF Doc. No. 21); and on Respondents' application to dismiss and related documents (NYSCEF Doc Nos.: 17-22); petitioner's memorandum of law in opposition (NYSCEF Doc. No. 24) and Respondents' memorandum in reply (NYSCEF Doc. No. 26); it is hereby
ORDERED that the above-captioned petition (motion sequence no. 001) is granted; and it is further
ORDERED that respondents' cross motion to dismiss (motion sequence no. 002) is [*2]denied.
This proceeding, brought pursuant to Article 78 of the Civil Practice Law and Rules ("CPLR"), seeks to annul, vacate and set aside the July 19, 2022 decision by respondent Town of Southold (hereafter the "Town") to adopt a Local Law #7 amending the Town's Municipal Zoning Code.
UNDISPUTED FACTS
There appears to be little dispute as to the following relevant facts:
FTKS Holdings, Inc., petitioner/plaintiff herein (hereafter "FTKS") is the owner of an 18.38 acre waterfront real property parcel located at 2835 Shipyard Lane, East Marion, New York (hereafter "the Property"). When FTKS purchased the Property in April 2021 for $6,000,000.00, it was zoned "Marine II."[FN1]
Without an application from FTKS, on March 28, 2022, the Town Planning Board, sua sponte, issued a report (the "Planning Board Report") regarding a proposed zone change that would affect the Property. One day later, on March 29, 2022, the Town adopted a resolution wherein it declared it appropriate to consider rezoning the Property from "Marine II (MII)" to a "split zone of 7 acres Resort Residential (RR)" and the remainder "Residential-80 (RR-80)." In the same resolution, the Town declared itself lead agency for purposes of the State Environmental Quality Review Act (hereafter "SEQRA"), requested another report and recommendation on the rezoning from the Planning Board and set a public hearing to consider adopting a Local Law to rezone the Property. On the next day, March 30, 2022, the Town completed Parts 1 and 2 of the Full Environmental Assessment Form (EAF).
On May 2, 2022, the Town made a determination of environmental non-significance and issued a negative SEQRA declaration (the "Negative Declaration") in connection with the rezoning wherein the "the Southold Town Board, as lead agency, determined that the proposed action will not have a significant effect on the environment and a Draft Environmental Impact Statement will not be prepared." The Negative Declaration was again adopted by the Town in the form of a resolution dated July 19, 2022 when it simultaneously approved the zone change. Part 3 of the EAF was completed and certified by the Town on May 10, 2022 - eight (8) days after the initial Negative Declaration had already been declared.
The Town held a public hearing on June 7, 2022 to consider enacting Local Law #7 of 2022 (the "Local Law") which would adopt the FTKS rezoning. Thereafter, at its July 19, 2022 meeting, the Town adopted the resolution effectively rezoning the Property on its own motion. The resolution was filed with the New York State Department of State on July 27, 2022.
ALLEGED PROCEDURAL DEFECT
FTKS argues that the subject zoning change is arbitrary and capricious and that the Town failed to comply with SEQRA in its environmental review of the proposed zoning change. Alternatively, FTKS requests entry of a money judgment for damages resulting from an unconstitutional "taking" if the Court sustains the Town's zoning change. The Town opposes the subject petition asserting that New York's SEQRA laws were complied with and that an Article 78 petition is an improper procedural mechanism to challenge municipal zoning enactments. As zoning is a legislative act, it is asserted that FTKS must proceed by filing a complaint seeking declaratory judgment. The argument is unpersuasive. The law allows for "hybrid" Article 78 actions such as the instant action when the context of the petition involves a SEQRA or other procedural precondition challenge to the zoning enactment. See, P & N Tiffany Properties, Inc. v Village of Tuckahoe, 33 AD3d 61 (2d Dept. 2006) citing Save the Pine Bush Inc. v City of Albany, 70 NY2d 193 (1987).
SEQRA
New York's "State Environmental Quality Review Act" is found in Section 8-0101, et. seq. of the Environmental Conservation Law. There also exist a plethora of regulations fleshing out the procedures for undertaking environmental review. The commentary to the SEQRA statute provides that "before approving or undertaking actions, agencies must consider environmental ramifications." City Counsel of City of Watervliet v Town of Colonie, 3 NY3d 508 (2004); In the Matter of Save Sag Harbor, et al. v Village of Sag Harbor, 78 Misc 3d 1225(a) (Sup Ct, Suffolk County 2023). Emphasis added.
Synthesized down to its most common denominator, SEQRA's fundamental premise is that governmental agencies must give a "hard look" at the environmental consequences of its development decisions. Chinese Staff Assoc. v Burden as Director of NYC Dept. Planning, 19 NY3d 922 (2012); Aldrich v Pattison, 107 AD2d 258 (2d Dept. 1985). Environmental review procedures require literal, strict compliance. See, NYC Coalition to End Lead Poisoning v Vallone, 100 NY2d 337 (2003); Glen Head Civ. Assoc. v Town of Oyster Bay, 88 AD2d 484 (2d Dept. 1982). SEQRA's primary purpose is to inject environmental considerations into governmental planning at the earliest possible time. See Pickerell v Town of Huntington, 45 Misc 3d 1208(A) (Sup Ct. Suffolk County 2014); citing to Neville v Koch, as Mayor of NYC, 79 NY2d 416 (1992). Judicial review of the SEQRA process is limited to whether an agency's determination was made in violation of proper procedures or was arbitrary and capricious. Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668 (1996) . SEQRA is to be satisfied both procedurally and substantively. See Jackson v NYS Urban Development Corp., 67 NY2d 400 (1986).
Part 3 of the EAF is used by a lead agency to provide the reasons in support of its determination of non-significance. The introductory form language in Part 3 states, Part 1 and Part 2 are informational in nature. The express language in Part 3 further provides, "[b]ased upon the analysis included in Part 3, the lead agency decides whether to require an Environmental Impact Statement to further assess the proposed action or whether available information is sufficient for the lead agency to conclude that the proposed action will not have a significant adverse environmental impact."
In the case at bar, on May 10 the Town issued a supplemental SEQRA Negative Declaration to its prior original Negative Declaration of May 2, 2022. This was obviously issued to cure the defect of not having considered Part 3 of the EAF as part of its original Negative Declaration on May 2, 2022.
Clearly, the record in this instance indicates an incomplete environmental review was undertaken prior to when the initial SEQRA Negative Declaration decision was made. While the Court notes that a Negative Declaration allows for a limited environmental review, it does not change the fact that it must be done before the municipality declares its action will have no environmental impact. Having made its Negative Declaration SEQRA decision on May 2, 2022, the Respondent cannot cure its procedural defect of failing to consider EAF Part 3 by subsequent additional ratifications. The Court notes that the subsequent SEQRA re-ratification in its May 10, 2022 supplemental SEQRA Negative Declaration, with a simultaneous execution of EAF Part 3 resolution, did not vacate its findings in the May 2, 2022 Negative Declaration which attested to the fact that "A full environmental assessment form has been reviewed." [NYSCEF Doc. No. 4]. In such an instance, the SEQRA requirement that a full environmental review must come first is violated.
Accordingly, the Court grants Petitioner's petition and vacates and annuls the Town's Local Law #7 adopted July 19, 2022. This decision moots FTKS's request for a money judgment for an unjust taking. Respondent's cross motion to dismiss is denied.
Dated: April 10, 2024
HON. C. STEPHEN HACKELING, J.S.C.

Footnotes

Footnote 1:"The purpose of the Marine II (MII) District is to provide a waterfront location for a wide range of water-dependent and water-related uses, which are those uses which require or benefit from direct access to or location in marine or tidal waters and which, in general, are located on major waterways, open bayfronts or the Long Island Sound." Southold Town Code § 280-54.