Kinsella v Long Is. Power Auth. (2025 NY Slip Op 01360)

Kinsella v Long Is. Power Auth.

2025 NY Slip Op 01360

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-03463
 (Index No. 621109/21)

[*1]Simon. Kinsella, et al., appellants, 
v
Long Island Power Authority, et al., respondents.

Government Justice Center, Albany, NY (Cameron J. Macdonald of counsel), for appellants.
Rivkin Radler LLP, Uniondale, NY (Evan H. Krinick, Michael P. Versichelli, and Henry M. Mascia of counsel), for respondent Long Island Power Authority.
Couch White, LLP, Albany, NY (Leonard H. Singer and Brendan R. Wolf of counsel), for respondent South Fork Wind, LLC, formerly known as Deepwater Wind South Fork, LLC.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that an agreement between the defendant Long Island Power Authority and the defendant South Fork Wind, LLC, formerly known as Deepwater Wind South Fork, LLC, is null and void, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated March 23, 2022. The order granted the separate motions of the defendant Long Island Power Authority and the defendant South Fork Wind, LLC, formerly known as Deepwater Wind South Fork, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In 2015, the defendant Long Island Power Authority (hereinafter LIPA) issued a request for proposals (hereinafter the RFP) for local power production resources to meet expected peak load requirements in the Town of East Hampton and part of the Town of Southampton. In February 2017, LIPA and the defendant South Fork Wind, LLC, formerly known as Deepwater Wind South Fork, LLC (hereinafter South Fork Wind), entered into a power purchase agreement (hereinafter the PPA) to build an offshore wind farm 35 miles east of Montauk Point. In March 2017, the PPA was approved by the New York State Comptroller and, as to form, by the New York State Attorney General.
In November 2021, the plaintiffs, who described themselves as ratepayers and taxpayers, commenced this action against LIPA and South Fork Wind, among other things, for a judgment declaring that the PPA was null and void and should be annulled due to violations of State Finance Law § 163, General Municipal Law § 103, and Public Authorities Law §§ 1020-f(aa) and 1020-b(12-a). The plaintiffs asserted two causes of action, alleging that LIPA offered a contract to South Fork Wind, even though South Fork Wind's bid did not comply with, and was not responsive to, LIPA's bidding requirements. According to the complaint, LIPA did not have the authority to [*2]execute the PPA without obtaining the approval of the Public Authorities Control Board. Thereafter, the defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The defendants contended, inter alia, that the plaintiffs lacked standing (see id. § 3211[a][3]) and that the action was barred by the statute of limitations (see id. § 3211[a][5]). The Supreme Court granted the defendants' separate motions, determining that the plaintiffs lacked standing and that the action was time-barred. The plaintiffs appeal.
"Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (Matter of Association for a Better Long Is., Inc., v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [internal quotation marks omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769). To establish standing, a party must show that it has suffered an injury in fact, distinct from the general public, and that the injury falls within the zone of interests to be protected by the statute challenged (see Matter of Green v Town of Ramapo, 227 AD3d 994, 994-995). "[A] group or an individual whose interests are only marginally related to, or even inconsistent with, the purposes of the statute cannot use the courts to further their own purposes at the expense of the statutory purposes" (Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 587 [internal quotation marks omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774).
The plaintiffs, who were not bidders on the project but were ratepayers and taxpayers, failed to demonstrate sufficient potential injury-in-fact to sustain their burden of establishing standing to challenge the power of LIPA to enter into a contract that was not responsive to its bidding requirements and that did not have the approval of the Public Authorities Control Board (see Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772-773; Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817, 819).
In the absence of some injury-in-fact, the zone of interest test will not confer standing on an individual plaintiff merely because he or she is a customer of the utility (see Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d at 819).
Under State Finance Law § 123-b(1), "a citizen taxpayer, whether or not such person is or may be affected or specially aggrieved by the activity herein referred to, may maintain an action for equitable or declaratory relief, or both, against an officer or employee of the state, who in the course of his or her duties has caused, is now causing, or is about to cause a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property." This statute is "narrowly construed as a grant of standing to correct clear illegality of official action but does not allow the interposition of litigating plaintiffs and the courts into the management and operation of public enterprises" (Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d at 824 [internal quotation marks omitted]; see Matter of Abrams v New York City Tr. Auth., 39 NY2d 990, 992). Here, the conclusory allegations set forth in the complaint were patently insufficient to establish that the challenged expenditures were an illegal use of state funds, and the plaintiffs failed to demonstrate that the challenged expenditures could be clearly traced to identifiable state funds (see Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d at 824). Accordingly, the Supreme Court properly determined that the plaintiffs lacked standing to bring this action.
The Supreme Court also properly determined that this action is time-barred. An action for a declaratory judgment is generally governed by a six-year statute of limitations (see CPLR 213[1]). However, where a declaratory judgment action involves "claims that could have been made in another proceeding for which a specific limitation period is provided, the action is subject to the shorter limitations period" (Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 931; see P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61, 63). In making this determination, courts consider whether the parties' rights could have been resolved in a CPLR article 78 proceeding (see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194; Solnick v Whalen, 49 NY2d 224, 229-230). "A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding upon the [*3]petitioner" (Matter of Andrews v Incorporated Vil. of Freeport, 221 AD3d 809, 810; see CPLR 217[1]).
Contrary to the plaintiffs' contentions, the allegations in the complaint could have been asserted in a CPLR article 78 proceeding because the gravamen of the complaint was that LIPA acted in violation of lawful procedure when it executed the PPA and when it failed to obtain review and approval of the PPA by the Public Authorities Control Board (see CPLR 7803[1], [3]; Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d at 818; P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d at 63). This action is time-barred because it was not timely commenced within four months of the determination to be reviewed.
The plaintiffs' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court